## JOHNSON v. GORHAM.

Under our statute, an execution affects property only from the time of the levy.
Service of a copy of execution, and notice of garnishment upon a third party, constitutes no lien on property of the debtor in his hands capable of manual delivery.
Statutory penalties against a sheriff are only recoverable when, by the return of the sheriff, he admits the collection of the money, and refuses to pay it over, and not where his failure to pay over arises from his inability to decide between conflicting claims of different execution creditors.

APPEAL from the Superior Court of the City of San Francisco.

The opinion of the Court contains a full statement of the facts.

*Crockett & Page* for Appellant.

*Elihu Johnson* for Respondent.

The opinion of the Court was delivered by Mr. Justice TERRY.   Mr. Chief Justice MURRAY concurred.

From the statement, it appears that plaintiff, having recovered in the Superior Court a judgment against one Dockham, took out an execution and placed it in the hands of defendant, who was Sheriff of San Francisco, with instructions to levy on and sell certain personal property, which was done, and a sufficient sum of money received to satisfy the plaintiff's judgment; that after the return day of said execution, he demanded of defendant the amount due on his execution, and that defendant refused to pay the same.

The defendant, after admitting the facts as above, alleges that prior to the issuing of plaintiff's execution, one Bean had caused execution to to issue against the same defendant, which was served on one Sibley, with notice that all the property and effects in his hands, belonging to defendant in execution, were attached; that the property sold under plaintiff's execution was at the time of said service in the hands of Sibley, and that the proceeds of the sale were claimed by Bean under his execution.    He therefore asks, that the Court will determine the party entitled to receive the money.    The Court rendered judgment for the amount collected, with twenty-five per cent. damages, and ten per cent. per month interest from the date of the demand.

Under our statute, an execution affects property only from the time of levy.    Section 217, Practice Act.    Plaintiff's execution, having been first levied, should be first satisfied, notwithstanding there may be another and an older execution against the same defendant in the hands of the sheriff.    The service of a copy of execution and notice of garnishment upon a third party, constitutes no lien on property of the debtor in his hands, capable of manual delivery.    It is clear, therefore, that plaintiff was entitled to recover from the sheriff so much of the proceeds of the sale, as was sufficient to satisfy his judgment.

The Court, however, erred in giving judgment for damages.    In Egery & Hinckley *v.* Buchanan, decided at the January term, 1855, this Court held, that "statute penalties are only recoverable when, by the return of the sheriff, he admits the collection of the money, and refuses to pay it over.    If it were otherwise, an error of judgment, or even a hesitation to decide between adverse claimants, might work the ruin of an honest and conscientious officer."

In this case, the officer appears to have acted in good faith, and his failure to pay over the money on the request of plaintiff, arose from his inability to decide between the conflicting claims of plaintiff and Bean.

The judgment is affirmed as to the amount collected on the execution against Dockham.