## WILSON v. BRODER, (SHERIFF,) et als.

A motion against a sheriff and his sureties, under the provisions of the ninth section of the "Act concerning Sheriffs," passed April 29, 1851, is a summary proceeding, in derogation of the rules of the common law, and is penal in its character; and for these reasons, the act must be strictly construed.

The general statute defines the duties of the sheriff in respect to final process. It declares "that the sheriff shall execute the writ (of fieri facias) by levying, etc., and paying to the plaintiff or his attorney so much of the proceeds as will satisfy the judgment, etc., and if there be any excess he shall return the same to the judgment-debtor." These acts are to be construed in pari materia.

The motion must be made in the name of the plaintiff in the execution.

The remedy by motion against a sheriff and his sureties, to compel him to pay over money collected on execution, was only given for cases of intentional delinquency on the part of the sheriff, as a punishment for his willful or corrupt neglect of duty, and was not designed to embrace a case in which he declined to pay over moneys collected under circumstances of a bona fide well-grounded doubt of the authority of the party to demand it.

APPEAL from the County Court of Alameda County.

This was a proceeding, by motion, against the defendants, under the provisions of the ninth section of the "Act concerning Sheriff," passed April 29, 1851. The plaintiff had judgment in the Court below, and both parties appealed to this Court. The facts appear in the opinion of the Court.

*E. W. F. Sloan* for Defendants and Appellants.

An application of this nature can be made by a party to the record or judgment on which the execution issued. Where the ground of the application is the alleged failure of the sheriff to pay over the plaintiff's money, made on execution, it must be made in the name of the plaintiff. Where the sheriff refuses to pay over the excess beyond what is sufficient to satisfy the judgment, costs, etc., the application must be made by the defendant in execution.

The statute declares that the sheriff shall execute the writ by levying, etc., "and paying to the plaintiff, or his attorney, so much of the proceeds as will satisfy the judgment," etc., and if there be any excess, he shall return the same to the judgment-debtor. Wood's Dig., p. 196, Art. 954, § 220.

The summary remedy given by the act of 1851, is only to be resorted to when the sheriff shall neglect or refuse to pay over on demand, to the person entitled, any money which may come into his hands, by virtue of his office, after deducting his legal fees, etc. Wood's Dig., p. 680, Art. 3240, § 9.

Who is the person entitled? Surely, it is he to whom it is made the duty of the sheriff, by law, to pay the money levied on execution. So much as is necessary to satisfy the execution, is

to be paid to the plaintiff or his attorney; the excess, if any, is to be paid over to the judgment-debtor.

Article 954 declares who shall be entitled to receive the money. Article 3240 provides that if the sheriff fails or refuses to pay over to the party entitled, upon demand made, he shall be liable to a penalty, by a summary proceeding. The sheriff's default may be either to the plaintiff or defendant, as the case may be. The statute uses the term " entitled," which applies to either.

As a general proposition of law, the right to proceed against the sheriff, by motion, is limited to the creditor at whose suit the execution issued. Tolson v. Elwes, 1 Leigh R., 484; Phelps v. Burton, Ky. Dec., 344; Kenny v. Owen, Ib., 345; Bulfinch v. Balch, 8 Greenl. R., 133.

Even where an attachment issues against the sheriff, for contempt in disobeying the process, although the attachment goes in the name of the sovereign, yet the rule is, that until the attachment is granted, the proceedings are entitled in the names of the parties in the civil suit. Folger v. Hoagland, 5 J. R., 235; Wood v. Webb, 3 T. R., (D. and E.,) 253.

If the sheriff were bound to pay over money to any one who claims to be entitled to it by an assignment in pais, the demand for money collected by him would rarely be limited to but one applicant. Either the plaintiff would be often defrauded of his money, or the sheriff liable to pay it an indefinite number of times. The sheriff can not be required, in any case, to pay money, except to one who can give an acquittance that will be a complete indemnity.

The party who makes the demand must be able to discharge the judgment, or enter satisfaction for the sum demanded. See the opinion of the Court in Bulfinch v. Balch, 8 Greenl., 133, above cited.

It was not a proper case for a proceeding by motion. It is clear there was no willful negligence or corrupt conduct on the part of the sheriff.

In such case, the party must be put to his ordinary action. State v. Sheriff, etc., 1 Const. R., 151; Camp v. McCormick, 1 Denio, 641; Bayley v. French, 2 Pick. R., 590; People ex rel. v. Barcalow, 6 Hill, 236; Marquat v. Mulvey, 9 How. P. R., 460; Egery v. Buchanan, 5 Cal. R., 56.

*A. T. Willson* for Plaintiff and Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This was a proceeding by motion, at the instance of Wilson, plaintiff below, to recover the amount of an execution, with interest and damages, of the principal defendant, for failing to pay over money collected by him, as sheriff of Alameda county.

The execution on which the money was made, issued on a judgment recovered by one Hart against Moore and Grey. The plaintiff in the action claims to be the assignee of this judgment, and moves, in his own name, as such. The appellant objects to the regularity of this proceeding. This is a summary proceeding, in derogation of the rules of the common law, and is penal in its character: and for both of these reasons must be strictly construed. (See Sloan v. Johnson, 14 Smedes and Marshall's R., 50.) The statute (Wood's Digest, p. 680, Art. 3240) is relied on by the plaintiff. It declares, in effect, that when the sheriff shall neglect, or refuse to pay over, on demand, to the person entitled, any money which may come to his hands, after deducting his legal fees, etc., he may be proceeded against by motion, and the principal sum, together with interest at ten per cent. per month, and damages of twenty-five per cent. on the amount of the principal, may be recovered on notice, etc.

The statute (Wood's Digest, 196) defines the duties of the sheriff in respect to final process. It declares "that the sheriff shall execute the writ (of *fieri facias*) by levying, etc., and paying to the plaintiff, or his attorney, so much of the proceeds as will satisfy the judgment, etc., and if there be any excess, he shall return the same to the judgment-debtor." These acts are to be construed in *pari materia*. The judgment of the Court, and the writ of execution following the judgment, in this case, direct and command the payment to the plaintiff. He is the person entitled to receive the money, according to the language of the record and the act. It would be a forced interpretation of the statute, on which respondent relies, to suppose that the Legislature intended to hold the sheriff to the responsibility of recognizing, as the party to whom he was to pay money, any person who might come to him with a paper purporting to be the assignment of a judgment, and compel the officer, at his peril, to determine all questions as to the genuineness of the document, its consideration, and its validity. If he should happen to make a mistake, by paying it to the wrong man, he would lose his money; and if he refused to pay the right one, under whatever circumstances, he would be mulcted in heavy damages. The principle which requires suit to be brought in the name of the plaintiff on the record, seems to be clearly maintained in the case of Sloan v. Johnson, (14 S. and M., 50;) and in Tolson v. Elwes, (1 Leigh R., 484.)

Nor does the doctrine here laid down lead to the consequences supposed by the respondent. If he be the assignee really entitled to the money made on the judgment, he can assert his title to it in an appropriate form of action; and an assignee may even be entitled to the summary proceeding of the statute in the name of the plaintiff, for a willful refusal by the sheriff to pay money

collected, on the demand of the plaintiff in the execution, or his lawfully authorized attorney in fact, or at law.

It appears, in this case, that there was a contest, apparently real, as to the title to this money, and that the sheriff acted, for all that appears to the contrary, in good faith in refusing compliance with the plaintiff's demand.

This remedy was only given for cases of intentional delinquency on the part of the sheriff, as a punishment for his willful or corrupt neglect of duty, and was not designed to embrace a case, in which he declined to pay over money collected, under circumstances of a *bona fide* well-grounded doubt of the authority of the party to demand it.   (4 Cal., 56; 6 Cal., 195.)

It is unnecessary to consider the various other points in the record, as this view disposes of the whole case before us.   Judgment is reversed, and proceeding dismissed.

In the cross-appeal of Wilson *v.* Broder, etc., the appeal is dismissed.