## O. F. GIFFIN *v.* H. MARTIN SMITH et als.

Section 10 of an Act entitled " An Act relative to Sheriffs," (Laws of 1861, page 103) only refers to those cases where there is a wrongful withholding of the money collected by the Sheriff, and not where there is a mistake in its application, and it is shown that the Sheriff has not the money in his hands.

It is not the policy of the law to inflict penalties upon its officers for mistakes or errors of judgment.

APPEAL from the District Court of the First Judicial District, Hon. R. S. MESICK presiding.

The facts appear in the Opinion.

*Clayton & Clarke,* for Appellant.

*Hillyer & Whitman,* for Respondent.

1st. The section of the statute on which appellant relies is unconstitutional and void ; no Court has the power to enter such order as provided by the section—certainly not against the sureties of the Sheriff—they must have their day in Court.

2d. The only ground upon which the section referred to can be maintained is, that the Court may have power over its officer to make such order as that contemplated by the statute. Here the reason of the rule fails, as the motion is not made before the Court where the case was heard. Howard never was Sheriff of Storey County in the *State of Nevada.* He never was officer of the Court when the motion was made. The District Court for Storey County, State of Nevada, has no control over any case or matter, unless the same was pending at the time of change from Territorial to State condition.

3d. There is nothing in the record to warrant this Court in reversing the order of the Court below. There is no statement which this Court can consider. The opinion of the Court below is based upon two grounds. If either be correct, then the judgment must be affirmed. Admitting for the sake of argument that the Court below erred in the jurisdictional question, this Court must assume the correctness in questions of fact. Should this Court conclude to examine other portions of the record, it must still conclude that the Court below was correct, and its judgment borne out by the facts. The return of the Sheriff does not present such a case as that contemplated by the statute. There is no proof of fraud, or even of negligence. (*Egery* v. *Buchanan,* 5 Cal. 56 ; *Johnson* v. *Gorham,* 6 Cal. 195 ; *Wilson* v. *Broder,* 10 Cal. 486.)

4th. How can ten per cent. per month be collected off a Sheriff's sureties without their authority in writing ?

Opinion by LEWIS, J., full Bench concurring.

Section ten of an Act entitled "An Act relative to Sheriffs," (Laws of 1861, page 103) declares that "If a Sheriff shall neg-

lect or refuse to pay over on demand, to the person entitled, any
money which may come into his hands, by virtue of his office, after
deducting his legal fees, the amount thereof, with twenty-five per
cent. damages and interest at the rate of ten per cent. per month
from the time of the demand, may be recovered by such person from
him and the sureties on his official bond, on application, upon five
days' notice to the Court in which the action is brought, or the
Judge thereof, in vacation."

Under this law the appellant Robert Robinson, moved in the
Court below to recover from the Sheriff of the County of Storey
and his sureties the sum of fifteen hundred and nine dollars and
thirty-four cents, with damages and interest, as provided by the
section above set out.    The Court below refused the relief sought,
and from that ruling this appeal is taken.    The facts upon which
this application is based are set out in the record as follows : " That
in the above entitled action ( *Giffin* v. *Smith*) an order of sale was
issued out of the District Court of the First Judicial District, in and
for the County of Storey, on the 15th day of May, A.D. 1863, di-
recting certain property therein described to be sold by the Sheriff
of Storey County, and that by virtue of said order of sale, W. H.
Howard, the Sheriff, did sell at public auction the property therein
described, on the sixth day of June, A.D. 1863, to O. F. Giffin, for
the sum of eight thousand eight hundred and fifty-six dollars, which
sum was paid by Giffin to the Sheriff ; that this sum came into the
hands of Howard by virtue of his position as Sheriff of the County
of Storey ; that out of the proceeds of the sale the plaintiff, Giffin,
was entitled to receive only seven thousand and eighty-three dollars ;
that Kinkead and Harrington, who were parties to the judgment in
this action, were entitled to receive from the Sheriff, out of the pro-
ceeds of the sale, the sum of one thousand and six dollars and
twenty-three cents ; and H. W. Johnson, who was also a party to
judgment, was entitled to receive the sum of five hundred and three
dollars ; that the several sums which Kinkead and Harrington and
Johnston were entitled to receive from the Sheriff, were demanded
from him on the eighth day of June, A.D. 1863, but that he has re-
fused and continues to refuse to pay the same ; that the applicant,
Robert Robinson, is the assignee of these several claims.    These ·
facts appear in the petition of the appellant.    In other parts of the

record we find the judgment authorizing the sale referred to, together with the Sheriff's return thereon, from which we are fully satisfied there was no such willful wrong or withholding of the money by the Sheriff as will sustain this proceeding against him and his sureties.    The Court, in the action of *Giffin* v. *Smith*, rendered judgment in favor of the plaintiff for the sum of eight thousand four hundred and ninety-seven dollars and eighteen cents, besides costs.

The Court then orders the Sheriff to pay to the plaintiff out of the proceeds of the sale of the mortgaged property a sum " equal to the amount of the note described in the mortgage, said note being for five thousand dollars, and bearing date January 16, A.D. 1862, with interest thereon, from date until time of payment, at the rate of two and one-half per cent. per month, if the amount be sufficient to pay the plaintiff's judgment.    The Sheriff shall pay two-thirds of the balance of the proceeds of sale (if there be any) to Kinkead and Harrington, to apply on their judgment against the defendants, and the other third to defendant Johnson."

In the Sheriff's return to the .execution, he says : " I paid to plaintiff, O. F. Giffin, the sum of eight thousand five hundred and ninety-two dollars and sixty-six cents, in full satisfaction of the judgment and decree upon which this order was issued, except the lien of defendants and intervenors, Kinkead and Harrington, and the claim of H. W. Johnson, one of the defendants herein named, whose several claims are unsatisfied and unpaid."

The real amount due Giffin was but seven thousand and eighty-three dollars.    Why the Court rendered judgment for the sum of eight thousand four hundred and ninety-seven dollars and eighteen cents, whereas the note shows he was only entitled to recover seven thousand and eighty-three dollars and thirty-three cents, we are not able to ascertain from the record.    We are inclined to the belief, however, that the Sheriff was misled by this error in the judgment, for his return shows that the sum of eight thousand five hundred and ninety-two dollars was paid to the plaintiff, Giffin, which was the entire sum realized from the sale, except the Court costs.

Here there seems to be nothing to indicate a willful or wrongful withholding of money to which the appellant Robinson is entitled. It was evidently an error, and the return shows that the Sheriff has none of the money in his own hands.    It remains, then, to be de-

termined whether the tenth section of the law referred to applies to cases of this kind. In our opinion it does not. The statute is highly penal in its character, and hence it could only be intended to cover cases where the officer willfully withholds money from those entitled to receive it. It is not the policy of the law to inflict a penalty upon its officers for mistakes or errors of judgment. It imposes punishments only for intentional and willful wrong, or the grossest carelessness. Its humanity is averse to the infliction of heavy penalties for errors where there is no intentional delinquency.

The Supreme Court of California, in the case of *Wilson* v. *Broder*, say of a proceeding of this kind : " This remedy was only given for cases of intentional delinquency on the part of the Sheriff, as a punishment for his willful or corrupt neglect of duty, and was not designed to embrace a case in which he declined to pay over money collected under circumstances of a *bona fide*, well grounded doubt of the authority of the party to demand it."

And in the case of *Egery et al.* v. *Buchanan*, 5 Cal., the Court, in a case arising under a similar statute, say : " It is urged that the Statute of this State, giving extraordinary damages against the Sheriff, for failing to pay over money collected on execution, has affected or altered the rule at common law. There is no reason for this position, and very strong reasons against it. The statute penalties are only recoverable when, by the return of the Sheriff, he admits the collection of the money, and refuses to pay it over. If it was otherwise, an error of judgment, or even a hesitation to decide between adverse claimants, might work the ruin of any honest and conscientious officer." (See also *Johnson* v. *Gorham*, 6 Cal. 195.)

These authorities are supported by the clearest principles of justice, and they clearly sustain the ruling of the lower Court.

As our conclusion upon this point disposes of the appellant's application, we do not consider it necessary to pass upon the other points raised on the record.

The order of the Court below is affirmed.