SAMUEL D. COYKENDALL and others *vs.* ASA WAY and others.

May 30, 1882.

Order on Sheriff to pay over Money—Appeal.—An order made pursuant
to Gen. St. 1878, *c.* 8, § 198, upon the hearing of an order to a sheriff to
show cause why he should not pay over money collected or received by him
on execution, is appealable as " a final order affecting a substantial right,
made * * * upon a summary application in an action after judg-
ment."

Same—Right to Damages.—Where the sheriff shows no reasonable excuse
for his failure to pay over money, the party to whom the money belongs
has a right to 20 per cent. damages, and, under such circumstances, the
court would have no right to relieve the sheriff from the payment of such
damages.

Plaintiffs brought suits against Asa Way and others in the district
court for Redwood county, caused defendants' stock of goods to be at-
tached, and afterwards recovered judgments for $2,829.20. Execution
issued, under which the attached property was sold, on September 22,
1881, for $1,210. By an *ex parte* order made July 19, 1881, the sheriff's
fees and charges for securing and keeping the attached property were
allowed at $566.90. The plaintiffs, being dissatisfied with this order,
applied for a rehearing, which was had on October 21, 1881, before
*Cox,* J., and upon which an order was made, the only record of which
appears in the clerk's minutes in the following words, after a recital
of the proceedings at the rehearing: "Upon a full hearing of which,
the court declined to disturb the allowance."

On November 25, 1881, the plaintiffs made a motion before *Lochren,*
J., (acting for the judge of the 9th district,) for an order requiring the
sheriff to pay over to them the $1,210 collected by him on the execu-
tions (less his lawful fees and charges) with damages as provided in
Gen. St. 1878, *c.* 8, § 198. The sheriff claimed that the order of
October 21st was in effect an allowance of his charges up to that
date at the same rates as allowed by the order of July 19, 1881,
amounting in all to $927.65, and that he had always been willing and
anxious to pay the balance to plaintiffs. Plaintiffs had paid the

sheriff $326.78 on account of his fees and expenses, and the amount therefore due to plaintiffs on the sheriff's construction of the order of October 21st would be $609.13. This amount the court found to be due plaintiffs and ordered that the sheriff pay such sum to the plaintiffs, but declined to add the statutory penalty of twenty per centum, because of the uncertainty of the orders fixing the allowances of the sheriff. From this order plaintiffs appeal.

*A. B. Jackson,* for appellants.

*D. M. Thorp* and *B. F. Webber,* for respondent.

MITCHELL, J. This is an appeal from an order made pursuant to Gen. St. 1878, *c.* 8, § 198, directing the sheriff to pay over certain moneys collected by him on executions in these actions. We are of opinion that such an order is appealable under Gen. St. 1878, *c.* 86, § 8, as "a final order affecting a substantial right, made * * * upon a summary application, in an action after judgment."

From the findings of the court it appears that in determining the amount to be allowed to the sheriff for securing and keeping the property attached and subsequently sold on execution, the court did not consider at all what were the sheriff's necessary expenses, or what ought in fact to be allowed him, but considered the amount of such allowance as already fixed and determined by the order of his predecessor, dated October 21, 1881, in connection with the preceding order of July 19, 1881. Hence all that the learned judge considered himself at liberty to do was to construe this order. This he construed as having made an allowance to the sheriff, pursuant to Gen. St. 1878, *c.* 70, § 11, of $819.40, which, together with $108.25, the amount of his statutory fees on the attachments and executions, made up the sum of $927.65, allowed to the sheriff, and deducted from the amount collected by him on the executions. We are unable to agree with this construction of the order of October 21st.

The order of July 19th, certainly, only allowed the sheriff $566.90, and the order of October 21st simply refuses to disturb that allowance—in other words, affirms the former allowance of $566.90. The effect of this must be either to allow the $566.90 for keeping the property up to June 11th, the time when the sheriff first presented his bill to the court, leaving the matter of allowance from June 11th

to September 22d, when the property was sold, undetermined; or it amounted to fixing the allowance for the entire time at $566.90. We think the latter is the legal effect of the order.   The order of August 11th, granting plaintiffs a rehearing upon the matter of the allowance of the sheriff, directed that at such rehearing the whole question of allowance to the sheriff in these actions, *both before and after judgment*, should be determined.   This rehearing was had a month after the property was sold on execution.   Both parties, by affidavits presented at the rehearing, went fully into the matter of the sheriff's expenses in keeping the property up to September 22d, when it was sold.   The decision and order of the court must be presumed to cover the entire subject-matter tried before him and submitted to his decision.   It is hardly to be presumed that the court intended to allow the sheriff $927 for fees and expenses for attaching, keeping and selling an ordinary stock of merchandise, which only brought $1,210 on execution sale.   It is reasonable as well as charitable to suppose that, upon a rehearing, the judge concluded that his allowance under his *ex parte* order of July 19th was entirely too large, and therefore determined to fix the allowance to the sheriff for the entire time at the same sum, $566.90, which he had formerly allowed up to June 11th.   We therefore conclude that the order of October 21st allowed the sheriff only $566.90, and not $819.40, as held by the court below.

Gen. St. 1878, c. 8, § 198, under which this order was made, provides that, upon the hearing of an order on a sheriff to show cause why he should not pay over such money, "the court shall order such sheriff to pay to the person entitled thereto the amount found due, *with twenty per centum thereon as damages for such failure.*"   We are inclined to concur with the learned judge in holding that this statute is not to be construed peremptory, to the extent of depriving the court of all discretion.   If a sheriff shows a reasonable excuse for his failure—as, for example, accident, or an honest mistake of either law or fact—a court would probably be justified in refusing to impose this penalty.   But if his failure is wilful, or if he fails to show any excuse for his omission to pay over, the party injured has a legal right under the statute to insist on the penalty, and the court would have

no right to withhold it. The statute was designed to insure prompt payment by sheriffs, and public policy requires that it be rigidly enforced.

In the present case, perhaps, the sheriff shows sufficient excuse to relieve him from the penalty on the $252.50 which was in controversy between him and plaintiffs. But as to the balance ($609.13) we fail to find that he has presented a shadow of an excuse for its non-payment. From his own stand-point this sum was in his hands, which confessedly belonged to plaintiffs. He received it September 22d. The plaintiffs demanded payment November 5th, and again November 11th; yet he never offered to pay it, or any part of it, until November 23d, after these proceedings were instituted, when he offered, through his attorney, to pay over $567.60, on condition, however, according to his own showing, that plaintiffs would abandon these proceedings, or, as plaintiffs allege, on condition that they would accept that sum in full settlement, and withdraw the motion. An offer to pay on conditions which the party has no right to exact avails nothing. For a sheriff, who has money in his hands belonging to another, to say, in substance, "Accept my terms of settlement or I will hold on to the whole sum," is wholly indefensible and cannot be tolerated for a moment. We therefore think plaintiffs had a legal right to 20 per cent. damages upon $609.13 of the amount in the sheriff's hands.

Ordered, therefore, that the cause be remanded, with instructions to the court below to modify its order in accordance with this opinion, so as to direct the sheriff, A. L. Gale, to pay over to plaintiffs the sum of $861.63, with 20 per cent. damages on $609.13 of that amount.

NOTE. An appeal by plaintiffs from the order of October 21, 1881, mentioned in the above opinion, was heard and determined at the same time with the foregoing case, the order appealed from being affirmed. [REPORTER.