37  827<br>45 1303

## No. 9492.

THE STATE EX REL. JOSEPH NOTAL VS. R. C. DAVEY, JUDGE OF FIRST RECORDER'S COURT.

Where a party is tried for violating a city ordinance relating to private market, and in his defense charges that the ordinance is unconstitutional and illegal, he has the right to appeal from a sentence against him; and after the appeal, if suspensive, is perfected by the execution of the required bond, the recorder imposing the sentence is deprived of all jurisdiction over it and can be prevented from executing by a writ of prohibition.

APPLICATION for Prohibition.

*Belden & Ambruster* for the Relator.

*W. H. Rogers,* City Attorney, for the Respondent.

### ON APPLICATION FOR PROHIBITION.

The opinion of the Court was delivered by

TODD, J.   The relator represents that he was tried before the re-·spondent for keeping a private market in violation of City Ordinance No. 4798, A. S., and was found guilty and sentenced to pay a fine of twenty-five dollars, and in default of payment to be imprisoned thirty ·days.

That he applied for and obtained a suspensive appeal from said sentence to this Court, and perfected the appeal by executing the required bond ; that notwithstanding said appeal, the said recorder (respon-·dent) is arbitrarily attempting to execute said sentence by the forcible collection of said fine or by his (relator's) imprisonment; and he asks for a writ of prohibition to restrain the recorder from further proceedings in the premises.

An alternative writ was granted and the recorder required to show ·cause why the same should not be perpetuated..

The recorder has answered, but does not in his answer deny the facts alleged in the relator's petition touching the trial, sentence and appeal, as set forth. He merely alleges that in his opinion the relator was. properly convicted, and that his defense to the charge against him— which was, in substance, that the ordinance under which he was prosecuted was unconstitutional—was not a valid defense; and that said ordinance, in a similar proceeding, had been pronounced by this Court constitutional and legal.

This answer does not justify the action of the recorder complained of. Though the sentence in question may, in his opinion, have been entirely correct, yet the relator, from the character of his defense, had the right to appeal therefrom. This right was conceded by the recorder who granted the appeal; and the appeal when perfected, as stated, suspended the execution of the sentence and deprived the recorder of all jurisdiction over the matter. His attempt therefore, notwithstanding the appeal, to execute the sentence appealed from, by coercing the payment of the fine or the imprisonment of the relator, was wholly unwarranted. It may be that upon the trial of the appeal the sentence complained of may be found correct and affirmed by this Court, but this has nothing to do with the issue now before the Court. Whether the sentence be right or wrong, so soon as the appeal therefrom was. taken and consummated, the recorder lost all jurisdiction and control over it.

The prohibition asked for is therefore made peremptory.