[No. 457. Decided February 9, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Schloss, Ochs & Co., Kahn Bros. & Co., Danziger Bros., and Gordon & Ferguson,* v. THE SUPERIOR COURT OF JEFFERSON COUNTY, WASHINGTON, M. B. SACHS, *as Judge of said Court,* AND W. E. FENIMORE, *as Clerk of said Court.*

APPEAL—FINAL JUDGMENT—SUFFICIENCY OF STAY-BOND—PROHIBITION.

On an application by judgment creditors for a distribution of funds in the registry of the court collected by the receiver in a certain action, the order of the court making distribution of such funds is a final one from which an appeal may be taken.

Where an appeal is taken to the supreme court and a stay-bond filed, the court below has no right, under Laws 1891, ch. 146, § 20, to consider any motion concerning the sufficiency of the bond, or entertain any application to enforce the judgment appealed from.

Where the court below threatens to act in excess of its jurisdiction in a matter affecting a party's right of appeal, and there is no other speedy and adequate remedy at law, the supreme court has power, under constitution, art. 4, § 4, in aid of its appellate jurisdiction, to issue a writ of prohibition against the court below.

*Original Application for Prohibition.*

*Ballinger & Ballinger,* for relators.
*Trumbull & Plumley,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—It appears from the petition of the relators and accompanying affidavit that the relators were judgment creditors of B. Levy, claiming attachment and execution liens on $1,536.70, proceeds of sale of the property of the said B. Levy, by receiver appointed by the court to take possession of said property; that the said sum of $1,536.70 had been turned into the registry of the court,

and the receiver discharged; that there was not sufficient
funds to pay all the judgments against said B. Levy, and
that these relators and other plaintiffs, on the 21st day of
November, 1891, appeared in said receivership proceeding
and by petition to said superior court asked for a distribu-
tion of the said funds, and with said petition filed an agreed
statement of facts by which the court could determine the
priority of the liens; that after a consideration of said peti-
tion and statement said court, on December 7, 1891, duly
rendered a judgment by which it was ordered and adjudged
by the court that said fund be applied—(1) To the pay-
ment of Tootle, Hosea & Co., in the sum of $234.60; (2)
to the payment of the judgment of the State Bank of Wash-
ington in the sum of $1,011.33 and costs, and that the bal-
ance of said fund be paid on the judgment of Joseph Levy;
that by the terms of said judgment there was nothing left
to apply on the respective judgments of these relators;
this judgment and order these relators duly excepted to,
which exceptions were allowed and the relators thereupon,
in open court, gave notice of appeal; that thereafter, on
December 9, 1891, the relators filed with the clerk of said
superior court an undertaking for costs on appeal in the
sum prescribed by law and for stay of proceedings on said
judgment and order in the sum of $2,600, that being the
amount fixed by said judge for said bond, and that the said
bond was duly approved by the clerk of said court; that
notwithstanding said appeal the said State Bank of Wash-
ington orally applied to the said judge, Morris B. Sachs,
for execution of the said judgment appealed from by the
payment to the said bank of the amount so ordered to be
paid to it; that upon being informed thereof one of the re-
lators' attorneys appeared before said judge and objected
to the consideration of any question in relation thereto,
and to the execution of said judgment because said superior
court had no jurisdiction thereof or of said fund; and the

said judge announced that he would take cognizance of
and consider said application notwithstanding the appeal
of relators to the supreme court, and that he theatened to
proceed under the application of said bank, and to en-
force said order appealed from, and to disburse said fund
thereunder.   Thereafter, it appearing to this court that
the petitioners had no speedy, adequate or sufficient means
of redress, and that the appeal would be rendered useless
if the said judge in advance of the decision of this court
disbursed the said funds, this court did, on the 11th day
of January, 1892, issue to said Morris B. Sachs, judge of
the superior court of Jefferson county, an alternative writ
of prohibition prohibiting him from interfering with said
fund and citing him to show cause to this court why this
writ should not be made perpetual.   To this writ the said
Morris B. Sachs, judge aforesaid, has made the following
return.   After admitting the judgment, the answer pro-
ceeds as follows:

"2.  He admits that oral application was made to him
for the payment to the State Bank of Washington of the
amount awarded to it under the aforesaid judgment, and
that the attorneys for said bank proposed to show to the
court that no appeal had been perfected by the said Schloss,
Ochs & Co., Gordon & Ferguson, Danziger Bros., and
Kahn Bros. & Co., by the filing of proper bonds, and your
respondent stated that on filing the proper application he
would consider it, and that attorneys for the petitioners,
when notified of the oral application, had appeared and
orally objected to the hearing of the application.

"3.  He denies that at that time or at any time since
then he has threatened to pay the said judgment of the
State Bank of Washington v. Benjamin Levy out of the
funds in the registry of this court, so as to defeat the ap-
pellate jurisdiction of this court, and says that he holds
the law to be that the judgment of the superior court
could be enforced unless the proper bond had been filed
for a stay of proceedings, and upon a proper application
presenting that point it was his duty to consider it.

"4. He denies that at that time or since that date he has threatened to pay said money out of the registry of his court in case a good and sufficient stay bond was filed, or that he would do more than consider the application."

It is claimed by the respondent that a denial of the facts charged in the application for a writ of prohibition is fatal to the application, and that the writ cannot issue, and that the judge, having answered denying the charges, he should be at once discharged.    While the law is probably correctly stated, it seems that the answer of Judge Sachs, instead of denying the material allegations of the complaint, really admits them.    It will be observed that each denial is coupled with a condition.    He does not deny that he has threatened to pay the judgment of the State Bank out of the funds in the registry of the court, but denies that he has threatened to pay it out so as to defeat the appellate jurisdiction of this court, and he holds the law to be that he can pay it out unless the proper bond is filed, and that upon a proper application it is his duty to consider it.    It is nowhere asserted that the application already made was not a proper one, but the return shows that the judge did regard it sufficiently to notify the attorneys of the petitioners of it, and that said attorneys did appear and object to the hearing of the said application.    The fourth denial is an admission that he has threatened to pay said money out of the registry unless a good and sufficient stay bond is filed.    The statement that he has not threatened to "do more than consider" the application is no answer at all to the complaint, for it will not be presumed that a court will indulge in idle consideration of an application that it does not intend to act upon.    It is the consideration of this application which the petitioners seek to prevent. The position of the court, as shown by the answer, is that it has the right to consider this application, to pass upon the sufficiency of the stay bond filed by the relators, and to

distribute the said funds in accordance with the judgment rendered, if it finds that the bonds are not sufficient.    This construction of the law by the judge, we think, is untenable.

The first question to be considered is, Is the judgment of the court an appealable order under the law?    We think it is.    It could in no sense be an interlocutory order, for it was a final determination of the rights of the parties to the money in the registry of the court under the application in which they all joined, and to which they were all parties. The distribution of the funds was the subject of the proceeding, and the judgment contains the sentence of the law upon the matter contained in the record.    It was a judicial determination adverse to the relator's claim of priority of lien concluding the relators from any further assertion of rights under their lien, and was final unless reversed on appeal.    This case falls squarely within the rule announced by the supreme court of the United States in *Savannah v. Jesup,* 106 U. S. 563 (1 Sup. Ct. Rep. 512).    In *Gumbel v. Pitkin,* 113 U. S. 545 (5 Sup. Ct. Rep. 616), in a similar case, it is held that the judgment distributing the proceeds of the sale of property is a final order.    See also *Coykendall v. Way,* 29 Minn. 162 (12 N. W. Rep. 452); I Am. & Eng. Enc. of Law, p. 617, and cases cited in note 2.

The judgment of the court having been appealed from, the superior court had no further jurisdiction over said judgment.    See 1 Black on Judgments, § 243.    This proposition we think, will not be seriously disputed, but we gather from the answer of the judge that his view of the law is, that the sufficiency of the bond is a matter to be determined by him.    With this view of the law we cannot concur.    The supreme court only has jurisdiction to pass upon the questions affecting the validity or sufficiency of the appeal.    Section 20 of chapter 146 of the Laws of 1891, p. 346, a chapter in relation to appeals to the supreme court,

especially provides the manner and court in which this question shall be presented.    It provides that—

"If the respondent believe the bond defective, or the sureties insufficient, he may move the supreme court, on ten days' written notice to the appellant, to discharge the bond; and if the court find the sureties insufficient, or the bond substantially defective, an order shall be made discharging such bond, unless a good and sufficient bond, with sufficient sureties, be executed before a day to be fixed and specified in the order.    On the filing of a certified copy of the order in the office of the clerk of the court from which the appeal was taken, execution and other proceedings for enforcing the judgment or order may be taken, if a new and good and sufficient bond is not filed therein by the day specified."

Thus it seems plain from the specific provisions of the statute that it is only the supreme court that can pronounce the sufficiency or insufficiency of the bond, and that no proceedings looking to the enforcement can be taken after the appeal and filing of a stay bond, excepting upon the failure of the appellant to comply with the order of the supreme court.    In this case the notice of appeal had been given, the amount of the stay bond had been fixed by the judge, and the bond had been given for the amount so fixed, and had been approved by the clerk and filed.    No objection has been raised in this court to the sufficiency of the bond, and the court below has no right to consider any motion concerning its sufficiency, or to entertain or consider any application to enforce the judgment appealed from.    The result of the threatened action of the court would be to deprive the relators of the fruits of their appeal and to render the appeal nugatory, and under the authority vested in this court by art. 4, § 4 of the constitution of the State of Washington, it has the power in aid of its appellate jurisdiction to prohibit a superior court from exceeding its jurisdiction in such a matter.

It appearing, therefore, that the respondent has threatened to act in excess of his jurisdiction, to the extent of affecting the relators' right of appeal, and it further appearing that the relators have no other speedy, adequate or sufficient remedy, the peremptory writ will issue, and it is so ordered. The temporary writ having also issued inadvertently to W. F. Fenimore, as clerk of said court, he will be discharged.

SCOTT and HOYT, JJ., concur.

STILES, J.—I dissent. The answer of Judge Sachs was in my judgment full and sufficient. It should have been accepted for what it said, and no resort should have been had to construction to resolve it into an evasive denial.

ANDERS, C. J., concurs.