[No. 11653.  Department Two.  February 28, 1914.]

ELIZABETH MARIE SURRY, *Respondent*, v. HENRY SURRY, *Appellant*.[1]

DIVORCE — ALIMONY — ENFORCEMENT OF ORDER — CONTEMPT — EVIDENCE—SUFFICIENCY.  A judgment of contempt in failing to pay temporary alimony in the sum of $10 a month for four months is warranted, where it appears that the defendant was a man of middle age, in good health, earning at least sixty dollars a month, and had incurred much more than $40 expenses in contesting the contempt proceedings.

Appeal from a judgment of the superior court for King county, Humphries, J., entered July 14, 1913, upon a trial and conviction of contempt.  Affirmed.

*C. S. Goshert*, for appellant.

PARKER, J.—This is an appeal by the defendant from orders of the superior court requiring him to pay to his wife temporary support money and an order adjudging him to be in contempt for failure to pay the same, which orders were entered in a divorce action prosecuted against him by his wife, Elizabeth Marie Surry.  The case was before us, but involving other questions, in *State ex rel. Surry v. Superior Court*, 74 Wash. 689, 134 Pac. 178.

On June 14, 1913, the superior court entered an order requiring appellant to pay to respondent on Monday of each week, commencing on Monday, June 16, 1913, ten dollars. Ten dollars had become due to respondent from appellant upon a prior order of a similar nature.  The order of June 14 required appellant to pay additional sums as attorney's fees on and after July 1, 1913; but with these we have nothing to do in this cause, since appellant is not adjudged in contempt for failure to pay any sums falling due after June 30.  On June 30, upon order to show cause and a hearing had thereon, appellant was adjudged to be in contempt be-

[1]Reported in 139 Pac. 44.

cause of his failure to make payments accruing on and prior
to that date, which then amounted to the sum of $40. The
order adjudging him in contempt, omitting recitals, reads
as follows:

"It is considered and the court does hereby order, adjudge
and decree that defendant be and he is hereby declared to be
in contempt of court for failing and refusing to pay to plain-
tiff alimony heretofore ordered by the court to be paid and
unless defendant purge himself of said contempt and pay
said alimony within twenty-four hours, he shall be arrested
and confined in the jail of King county, Washington, until
further order of this court."

Several contentions are made by counsel for appellant, but
we think the only one calling for particular mention is that
the evidence does not warrant adjudging appellant in con-
tempt, in that he has purged himself thereof by showing his
inability to pay as ordered. We have read all of the evi-
dence brought here in the statement of facts, and are unable
to agree with this contention. We deem it sufficient to say
that the evidence fully warranted the court in concluding
that respondent is a man in good health, near, if not past,
middle life; that he is engaged in private detective work, is
apparently experienced in that work and earns at least $60
per month, which amount he had earned for some time pre-
vious. We have noticed that the total amount appellant was
required to pay in order to purge himself of contempt is
only $40. His bringing of this case here plainly shows, by
the size of the record and his brief, that there was much more
than that amount of expense incurred therein. We are clear-
ly of the opinion that, under all the circumstances, the trial
court did not abuse its discretion in entering its order look-
ing to the enforcement of payment of this $40, by attach-
ment and contempt proceedings. There is a vast amount of
material in the statement of facts that is of little aid and
wholly foreign to the solution of the real question here pre-
sented. Indeed, it would seem that the cause could have been

tried upon the merits with the effort here expended. We deem it unprofitable to review the cause in greater detail. *Croft v. Croft*, 77 Wash. 620, 138 Pac. 6, is in harmony with the conclusion reached in this case.

The orders appealed from are affirmed.

CROW, C. J., MORRIS, and MOUNT, JJ., concur.