[No. 12400.  Department One.  March 3, 1915.]

ELIZABETH MARIE SURRY, *Respondent*, v. HENRY SURRY
et al., *Appellants*.[1]

DIVORCE—ALIMONY—APPEAL — SUPERSEDEAS — LIABILITY ON BOND.
Upon an appeal by a defendant in a divorce suit from an order ad-
judging him in contempt of court and directing his imprisonment
for failure to pay a decree for weekly alimony, a supersedeas bond
conditioned to pay all costs that shall be adjudged against him on
the appeal, and to satisfy and perform the judgment or orders ap-
pealed from in case they or either of them shall be affirmed, covers
only the alimony due at the time the appeal was taken; and on
affirmance, the sureties are not liable for alimony accruing pending
the appeal.

PROHIBITION—TO COURTS—WHEN LIES—PENDING APPEAL—DIVORCE
—ALIMONY.  Upon an appeal from an order adjudging defendant in
a divorce case guilty of contempt for failing to pay weekly alimony,
prohibition lies to prevent the superior court, pending appeal to the
supreme court, from attempting to enforce its judgment by imprison-
ment, for future as well as past installments of alimony, on the
ground that the trial court is without jurisdiction after appeal to
imprison in aid or in execution of its judgment, and on the further
ground that a citizen cannot be vexed in his person, liberty or prop-
erty pending an appeal to a court having jurisdiction to settle the
law of his case.

DIVORCE—ALIMONY—APPEAL—BONDS — SUPERSEDEAS — ACTION ON.
In an action upon a supersedeas bond given on appeal by a defend-
ant in a divorce suit from an order adjudging him in contempt of
court for failure to pay an installment of alimony, the liability of
the defendant for installments of alimony falling due pending the
appeal cannot be determined; as that is to be determined in the
divorce suit.

Appeal from an order of the superior court for King
county, Humphries, J., entered May 23, 1914, in favor of
the plaintiff, on the pleadings, in an action on a supersedeas
bond.  Reversed.

*C. S. Goshert*, for appellants.

*Thomas B. MacMahon*, for respondent.

[1]Reported in 146 Pac. 613.

CHADWICK, J.—This action was brought to recover on a supersedeas bond. The principal parties are not strangers to this court. *State ex rel. Surry v. Superior Court*, 74 Wash. 689, 134 Pac. 178; *Surry v. Surry*, 78 Wash. 370, 139 Pac. 44. We shall speak of them as appellant and respondent.

On June 14, 1913, the court below entered an order requiring appellant to pay alimony at the rate of ten dollars a week, and twenty-five dollars attorney's fees to be paid on July 1, 1913, and twenty-five dollars to be paid on August 1, 1913.

Appellant not having met the order of the court in any way, was cited under a rule *nisi* to show cause why he should not be adjudged in contempt of the court, the order being:

"It is considered, and the court does hereby order, adjudge and decree that defendant be and he is hereby declared to be in contempt of court for failing and refusing to pay to plaintiff alimony heretofore ordered by the court to be paid, and unless defendant purge himself of said contempt and pay said alimony within 24 hours he shall be arrested and confined in the jail of King county, Washington, until further order of this court."

Appellant did not purge himself, either by payment or by a showing of excusatory facts. Whereupon the court adjudged him guilty of contempt saying:

"It is ordered that defendant, Henry Surry be, and he is hereby committed to the jail of King county, Washington, there to remain imprisoned until alimony allowed in this cause be paid, or he be released in due course of law and the clerk of said county is hereby directed to issue a writ of attachment committing said defendant to the custody of the sheriff of King county, Washington, to be confined, as aforesaid until released as aforesaid."

Appellant then appealed, giving a supersedeas bond. After reciting *in haec verba* the prior proceedings and the several orders of the court, the parties obligated themselves:

"Now, therefore, if the said Henry Surry shall pay to
Elizabeth Marie Surry, the plaintiff above named, all costs
and damages that shall be adjudged against him on the ap-
peal or the dismissal thereof, and will satisfy and perform
the judgment or orders appealed from in case they or either
of them shall be affirmed and any judgment or order which
the supreme court may render or make, or order to be ren-
dered or made by the said superior court not exceeding in
amount or value the above named sum of five hundred ($500)
dollars, then this obligation to be void, otherwise to remain
in full force and effect.  Dated at Seattle, Washington, this
2nd day of July, 1913.  Henry Surry, Principal, D. W. West,
H. F. Olschewsky, Sureties."

The case was affirmed on appeal.  After the remittitur
went down, appellant was served with an *alias* warrant.  He
paid the amount due at the time the appeal was taken.  There-
after respondent began this suit against appellant and his
bondsmen to recover the sum of $480, that being the amount
of alimony which had accumulated while the appeal was pend-
ing.  The case was assigned to the department of the superior
court which is presided over by Honorable John E. Humph-
ries, who gave judgment upon the pleadings for the amount
prayed for, upon the assumption that the bondsmen were
bound to pay the accumulated alimony.

Several assignments going to a denial of a change of venue
from Judge Humphries to some other judge are urged in
the briefs.  It will be unnecessary to discuss these assign-
ments, since it seems clear to us that no cause of action has
been, or can be, stated against the appellants.

A bond will not ordinarily be construed to hold a surety
beyond the terms of his engagement.  It is plain that the
primary object, and as we read the bond, its express engage-
ment was to secure the liberty of the appellant pending a
review of the commitment by this court.  It is not an en-
gagement to pay in any event or forever.  It refers to and
adopts the words of the orders appealed from.  By its terms
and recitals, the sureties have engaged to pay no more than

the amount due at the time. A bond to be obligatory must operate upon something, and to say that the sureties engaged to meet the penalties of a possible fifty-two contempts in each year and indefinitely, would be to make an engagement for them instead of construing the one they did make. If the bond is to be given that construction, it would follow that it is continuing, and although appellant met and discharged the decree of the court literally, paying ten dollars a week for fifty weeks and then defaulted for one or more weeks, the bondsmen would be liable. The argument refutes itself.

Respondent assumed the law to be as we have stated it. After the appeal had been taken and the bond given, she procured a citation to be served upon appellant to show cause why he should not be further adjudged to be in contempt. Appellant then sued out a writ of prohibition in this court. We held that the lower court was without jurisdiction to so proceed pending the appeal. Respondent contends:

"This court, in *State ex rel. Surry v. Superior Court*, 74 Wash. 689, in effect held the appeal from the order in question was from the entire order, not merely from the installments due at the time of the appeal, and the enforcement of the installments was superseded by the bond, and the sureties are liable. It is so nominated in the bond."

Such conclusion does not follow. The court was not then or there passing upon future payments, or possible contempts, or binding the sureties to pay something for which appellant might be entitled to exoneration upon a showing of inability or necessity. The question was one touching the right of personal liberty. Appellant had not been adjudged guilty of contempt for failure to pay any sums falling due after June 30. *Surry v. Surry*, 78 Wash. 370, 139 Pac. 44. As to subsequent payments, those maturing after July 1st, we had nothing to do. Our holding was that no man should be "compelled to appeal from and supersede an order of commitment once a week until the case is tried on its merits"

(*State ex rel. Surry v. Superior Court*, 74 Wash. 689, 134 Pac. 178), or deprived of his liberty pending an inquiry into the right of the court to imprison in execution of a personal judgment.

"The result of the threatened action of the court would be to deprive the relators of the fruits of their appeal and to render the appeal nugatory, and under the authority vested in this court by art. 4, § 4, of the constitution of the state of Washington, it has the power in aid of its appellate jurisdiction to prohibit a superior court from exceeding its jurisdiction in such a matter." *State ex rel. Schloss v. Superior Court*, 3 Wash. 696, 29 Pac. 202.

The issuance of the writ of prohibition may be sustained upon two grounds; first, an appeal having been taken, the trial court was without jurisdiction to imprison in aid of or in execution of its judgment. *State ex rel. McDonald v. Superior Court*, 6 Wash. 112, 32 Pac. 1072; *State ex rel. Notal v. Davey*, 37 La. Ann. 827; *Fite v. Black*, 85 Ga. 413; High, Extraordinary Legal Remedies, § 789.

"When an appeal is taken in a case in the manner prescribed by law, so that the judgment of the court is suspended, jurisdiction of the case is transferred from the court appealed from to the appellate court, and the former will be prohibited from attempting to enforce its judgment or otherwise invading the jurisdiction of the appellate court." 16 Ency. Plead. & Prac., p. 1116.

It is thus apparent that a writ would probably have been issued irrespective of the form of the bond. There was a loss of jurisdiction pending an inquiry into the right of the trial court to collect future as well as past and overdue payments by coercive methods.

Secondly: The writ of prohibition is akin to an injunction. The one goes to the individual, the other is a supervisory writ restraining an inferior court or officer when acting without jurisdiction or in excess of jurisdiction. Rem. & Bal. Code, § 1027 (P. C. 81 § 1781).

Injunctions are freely granted to restrain vexatious suits, and to restrain successive proceedings pending an appeal where the appeal will determine the legal rights of the parties. There is no difference in principle. The object sought, whether by the one remedy or the other, is the same. It is enough that a citizen cannot be vexed in his person, liberty or property pending an appeal to a court having jurisdiction to settle the law of his case.

The liability of appellant to answer for his failure to make all subsequent payments of alimony is a matter arising in, and to be determined in, the proceeding pending in the court below. A judgment against him in this case is not warranted or necessary.

It is ordered that the case be reversed, and remanded with instructions to dismiss.

MORRIS, C. J., HOLCOMB, PARKER, and MOUNT, JJ., concur.