WELLS–DICKEY CO., RESPONDENT, *v.* BENJAMIN, SHERIFF, APPELLANT.

(No. 5,779.)

(Submitted September 15, 1925. Decided September 21, 1925.)

[239 Pac. 771.]

*Sureties—Official Bonds—Sheriffs—Insolvent Banks—Measure of Liability of Officer for Moneys Lost Without His Fault.*

Official Bonds—Care of Moneys Coming into Hands of Officer—Measure of Liability of Officer for Loss.
1.   An officer who comes into possession of funds by virtue of his office and deposits the same, exercising good faith and due care in the selection of the depository, is not liable on his official bond for their loss resulting from the failure of the bank.
Bailment—Principal and Agent—Duty of Bailee—Reasonable Care.
2.   An agent entrusted with the custody of personal property for a certain purpose becomes a bailee of the property, charged with the duty of devoting it to the purpose intended by the bailor, the liability of the bailee being measured by the rule of reasonable care.
Sheriffs—Failure to Pay Over Moneys—Statutory Liability — Inapplicability.
3.   *Held,* that section 4782, Revised Codes of 1921, providing that if a sheriff refuses to pay over money which came into his hands by virtue of his office, the person entitled thereto may recover it with twenty-five per cent damages, has application only to cases

---

1.   See 22 R. C. L. 509.

of intentional delinquency, merely prescribes punishment for willful or corrupt neglect of duty, and is therefore inapplicable to a case where his failure to pay was due to the closing of a bank in which the money was deposited.

Same—Failure to Pay Over Redemption Money—Insolvent Bank—Answer—Sufficiency—Judgment on Pleadings—Error.
4.   Under the above rules, *held*, in an action by the purchaser of mortgaged property at foreclosure sale against a sheriff and his surety to recover redemption money paid to the officer and by him deposited in a bank which failed before the check sent by him to plaintiff immediately upon receipt of the money could be paid, that the answer, alleging in effect that the bank selected by him was a going concern and reputed to be in a safe and sound financial condition, that in selecting the depository he exercised reasonable care and prudence, and that the loss was not due to any fault of his, stated a defense, and that therefore error was committed in sustaining plaintiff's motion for judgment on the pleadings.

Bailments, 6 C. J., sec. 65, p. 1126, n. 16.
Pleadings, 31 Cyc., p. 608, n. 53.
Sheriffs and Constables, 35 Cyc., p. 1699, n. 39; p. 1707, n. 96.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Wells-Dickey Company against Harry E. Benjamin, as Sheriff of Toole County, and the Federal Surety Company. · From a judgment for plaintiff, defendant sheriff appeals.   Reversed and remanded.

Cause submitted on brief of Appellant.

*Mr. Jess H. Stevens,* for Appellant.

No appearance on behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Toole county, a decree of foreclosure was duly rendered and entered in July, 1921, in favor of the Wells-Dickey Company and against Charles S. Grant and Irene Grant.   Thereafter certain real property was duly sold by J. S. Alsup, then sheriff of Toole

county, in satisfaction of the decree, and at the sale the Wells-Dickey Company became the purchaser. Within the statutory period Charles S. Grant redeemed the property by paying to Harry E. Benjamin, then sheriff of Toole county, successor to Alsup, the amount necessary to effect a redemption. Benjamin deposited this money in the First National Bank of Shelby to his credit as sheriff, and immediately forwarded his check for the amount, drawn against the deposit, to the Wells-Dickey Company at Great Falls, but, before the check could be cleared in the usual course of business, the bank upon which it was drawn failed and the check was dishonored. The Wells-Dickey Company then made demand upon Benjamin and the Federal Surety Company, his official bondsman, for the amount of the redemption money, and, upon a refusal of the demand, this action was instituted.

The complaint makes the necessary formal allegations, and then recites the facts substantially as set forth above. Each [4] defendant answered separately. Defendant Benjamin alleged in effect that he selected the First National Bank of Shelby as a depository in which to keep funds coming into his hands as sheriff, and maintained an account in that bank in his name as sheriff; that the bank so selected was a going concern, reputed to be entirely safe and in a sound financial condition; that he had reason to believe and did believe that the bank was solvent and safe; that he could not anticipate and did not anticipate that it would fail; that he exercised reasonable care and prudence in making the selection; and that the loss of the money was not due to any fault of his. The answer of the surety company is to all intents and purposes the same as the answer of defendant Benjamin.

A reply was not made to either answer, but later plaintiff moved for judgment on the pleadings and the motion was sustained. A judgment was rendered and entered in favor of the plaintiff herein and against both the defendants for the amount of the claim, with the statutory penalty added, and

for costs. From that judgment defendant Benjamin alone appealed and presents for our determination the single question: What is the measure of the duty which is imposed upon a sheriff with respect to funds coming into his hands in virtue of his office?

The authorities do not speak in unison in answering this [1] question. In some states the rule of absolute liability is declared and the officer is held to be an insurer; in others a distinction is made between public and private funds in his custody; while in still others he is regarded a trustee of the funds or a bailee resting under special obligations, and his responsibility is measured by the rule of good faith, due care and diligence.

In a comparatively early case, this court considered carefully these several theories of liability, reviewed at length the conflicting decisions and then adopted the rule of good faith, due care and diligence. (*City of Livingston* v. *Woods,* 20 Mont. 91, 49 Pac. 437.) The decision in that case was cited approvingly in *City of Butte* v. *Goodwin,* 47 Mont. 155, 33 Ann. Cas. 1914C, 1012, 134 Pac. 670, and in *State ex rel. Rankin* v. *Madison State Bank,* 68 Mont. 342, 218 Pac. 652. Confessedly, the legislature could impose upon the officer a greater burden than is imposed by the rule adopted in the *Woods Case,* but it has not seen fit to do so, although nearly thirty years have elapsed since that case was decided. Under the circumstances it may be said fairly that the rule of that case has become the settled public policy of this state, and the decision in that case is conclusive of the question now before us.

Section 9445, Revised Codes, provides that a judgment debtor may redeem his property from sale under execution (including foreclosure) by paying the proper amount (1) to the purchaser or redemptioner, as the case may be, or (2) to the officer who made the sale, or (3), if the term of that officer has expired, then to his successor in office. The

section declares that if payment is made to the officer, it is for the purchaser or redemptioner, as the case may be. In this instance, Grant, the judgment debtor, paid the proper amount to Benjamin, the successor to Alsup, the sheriff who made the sale, but the payment was made for the Wells-Dickey Company, the purchaser at the sale. In view of the language of the section above, it is perfectly manifest that Benjamin received the money in virtue of his office as sheriff of Toole county; but it is not necessary to determine the exact relationship thus created between him and the Wells-Dickey Company.

In *Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717, this [2]   court said: "For the purposes of redemption the statute makes the sheriff the agent of the purchaser at the sale." If this statement be accepted literally, the liability imposed upon the officer is measured by the rule of reasonable care. (2 C. J. 732, 733.) "An agent who is entrusted with the care and custody of property belonging to his principal becomes a bailee of the property." (*Id.*) The same result is reached if the declaration by the supreme court of the United States be adopted. That court said: "There can be no doubt of the general proposition that, where money is placed in the hands of one person to be delivered to another, a trust arises in favor of the latter. * * * The acceptance of the money with notice of its ultimate destination is sufficient to create a duty on the part of the bailee to devote it to the purpose intended by the bailor." (*McKee* v. *Lamon,* 159 U. S. 317, 40 L. Ed. 165, 16 Sup. Ct. Rep. 11 [see, also, Rose's U. S. Notes].) And the measure of Banjamin's liability was the same, whether the statute above contemplates that he should hold the money until called for or transmit it to the Wells-Dickey Company within a reasonable time.

Again, there is not any substantial distinction to be drawn between the general statutes which regulate the duty of the sheriff, and the statutes which governed the city treasurer at

the time the *Woods Case* arose. It is the duty of the sheriff, as it was the duty of the city treasurer, "to account for and pay over and deliver to the person or officer, entitled to receive the same, all moneys or other property that may come into his hands as such officer." (Sec. 475, Rev. Codes 1921; *City of Philipsburg* v. *Degenhart,* 30 Mont. 299, 76 Pac. 694.)

Section 4782, Revised Codes, provides: "If he [the sheriff] [3] neglects or refuses to pay over, on demand, to the person entitled thereto, any money which may come into his hands by virtue of his office (after deducting his legal fees), the amount thereof, with twenty-five per cent damages and interest at the rate of ten per cent per month from the time of demand, may be recovered by such person." Manifestly this statute does not add anything to the duty imposed upon the sheriff. Provisions similar to this section are in force in other states, and it has been held quite uniformly that a statute of this character applies only to cases of intentional delinquency, and merely prescribes punishment for willful or corrupt neglect of duty. (*Johnson* v. *Gorham,* 6 Cal. 195, 65 Am. Dec. 501; *Wilson* v. *Broder,* 10 Cal. 486; *Nash* v. *Muldoon,* 16 Nev. 404; see, also, *Coykendall* v. *Way,* 29 Minn. 162, 12 N. W. 452, 453, and note to *Worden* v. *Witt,* 95 Am. St. Rep. 111.)

Measured by the rule announced in *City of Livingston* v. [4] *Woods,* the answer of the defendant sheriff states a defense; hence the court erred in rendering judgment on the pleadings against him.

The judgment against the defendant Benjamin is reversed and the cause is remanded.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.