## BARNUM BLAKE

### *v.*

## CHRISTINE BLAKE.

| | |
|---|---|
| 80 | 523 |
| 125 | 308 |
| 125 | 521 |
| 80 | 523 |
| 150 | 416 |
| 150 | 426 |
| 80 | 523 |
| 169 | 214 |
| 80 | 523 |
| e198 | [1]517 |
| e198 | [2]517 |
| 80 | 523 |
| 105a | [2]367 |
| 80 | 523 |
| 109a | [1]503 |

1. APPEAL—*when it will lie.* An appeal will lie to the Supreme Court from any decree against a party that will work a deprivation of his property or liberty.

2. A decree against a husband for the payment of money for attorney's fees and expenses of defending an appeal taken by him from an order committing him to prison for failing to pay money to his wife under a previous order for provisional alimony, rendered in a suit brought by her for divorce, is in the nature of a final decree, and an appeal will lie therefrom.

3. DIVORCE—*court may award reasonable amount to wife for solicitor's fees and expenses of suit.* The court, under our statute, has power to award

attorney's fees and other expenses in divorce causes, and the matter is largely in the discretion of the court, but such allowances must always be reasonable, having in view the wealth and social standing of the parties, and what would be reasonable in any case is a matter of evidence.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Mr. S. K. Dow, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

A motion was made in this court to dismiss the appeal in this case on the ground the decree appealed from is interlocutory, and not final. The appeal taken is from a decree of the circuit court awarding attorney's fees, and money to defray the expenses attending the defense of an appeal which defendant had prayed from an order of the circuit court committing him to prison as for contempt for non-compliance with a previous decree for alimony and solicitor's fees in complainant's suit against defendant for divorce.

The question raised is one that has never been passed upon by this court, but, upon first impression, we are of opinion the appeal will lie. It is a money decree, is for a specific sum, and is payable absolutely. No execution has been as yet awarded, but the court has the undoubted authority to award an execution, or if payment was willfully and contumaciously refused, the decree might be enforced by attachment, as for contempt, or payment might be coerced by sequestration of real or personal estate.

By one mode or the other, the decree could be enforced, and if defendant has property, it could, in some way consistently with the practice in courts of chancery, be subjected to its payment. Such a decree does not seem to us to be merely interlocutory. It is more in the nature of a final decree, and if no appeal lies, this case affords an instance of a money decree against a party from which no relief can be had, no matter how unjust or oppressive. This ought not to be.

It is no answer to this position, to say defendant can have this decree against him reviewed on appeal or error, after final decree in the original cause. Of what avail would that privilege be to him then? The litigation might be protracted, and years elapse before any final decision could be reached. In the meantime, he has been imprisoned for disobedience to the decree, or his property under process of law been subjected to the payment of the sum decreed.

Nor does the fact an appeal is allowed impose any hardship not incident to other money decrees from which appeals may be prosecuted. On the theory alimony is for the immediate benefit of the wife, to enable her to prosecute or defend her suit against her husband on terms of equality, the only serious result would be, to delay the litigation until the propriety of the decree for temporary alimony and solicitor's fees could be determined in the appellate court. On the contrary, if an appeal should be denied it might subject defendant to very great hardships in many cases, as the sequel will show. It is apprehended there can be no decree against a party, that will work a deprivation of his property or liberty, from which no appeal or writ of error will lie. Such is the decree against defendant. Under it he may be deprived of his liberty, or his property subjected to levy and sale.

Entertaining jurisdiction of the cause, but one other question arises, and that has relation to the amount ordered to be paid—whether it is justified by the facts in the case. Undoubtedly, the court, under our statute, has power to award attorney fees and other expenses in divorce causes, and the matter is largely in the discretion of the court. But this court has always assumed jurisdiction to review the action of the court below in the allowance either as to alimony or solicitors' fees, and its right to do so has not been questioned. *Blake* v. *Blake*, 70 Ill. 618.

Such allowances must always be reasonable, having in view the wealth and social standing of the parties. What would be suitable alimony for the wife, or reasonable counsel fees, is a matter of evidence.

We have examined with care the evidence in this cause, and we can not avoid the conclusion the sum allowed for attorney's fees and expenses of the suit is unreasonable and oppressive in the extreme, in view of the services rendered and to be rendered. The record has been incumbered with a vast amount of useless matter, wholly irrelevant to this application, and if counsel choose to perform this valueless labor, he will not be permitted to charge defendant for his services.

The decree will be reversed and the cause remanded.

*Decree reversed.*