## KENDRICK v. KENDRICK.

When the evidence in an application for temporary alimony, filed by a wife pending a libel for total divorce instituted by her husband, shows that the wife has no separate estate, it is error to refuse to grant an order fixing alimony and allowance for counsel fees, unless there be evidence, relating to the cause and circumstances of the separation, showing facts which would authorize the judge, in the exercise of a sound discretion, to relieve the husband of his obligation to support and maintain his wife.

When the evidence introduced is to the effect that prior to the marriage the wife had been a prostitute, and, with full knowledge of her character and surroundings, her husband voluntarily entered into a contract of marriage with her and fully condoned a subsequent act of impropriety on her part by keeping her in his home and continuing to live with her as his wife, and there is no evidence of acts or circumstances which occasioned the separation, other than those so within his knowledge and which he had voluntarily and fully condoned, it is error to refuse to grant temporary alimony and allowance for counsel fees.

Argued June 15, — Decided July 21, 1898.

Application for temporary alimony. Before Judge Gober. Cobb superior court. April 2, 1898.

The only evidence introduced at the hearing was the testimony of the plaintiff, and that of her attorney. She testified, that she married the defendant in December, 1897, and they lived together at his mother's house until in April, 1898, when, upon her return from Atlanta, where she had been upon a visit to her mother, she found that the house in which they had been living was locked, and that her husband and his mother were gone. She tried to get in, but could not. She had been visiting her mother about two days, and her husband knew when to expect her return. She went to a neighbor's house; and after she had stayed there two days and nights, her husband and his mother returned, but he secreted himself from her, and his mother refused to allow her to enter the house and resisted her entrance with force. This occurred on Sunday afternoon, and she was served the next morning with a copy of a divorce suit filed against her by her husband. He never speaks to her now, does not allow her to come to his home, and is contributing nothing to her support. Since her marriage to the defendant she has not been intimate with any other man. She has been

true, kind, affectionate and faithful to him in every particular. He is strong, able-bodied, and a skilled workman, making $1.75 per day, and has no other expense but the help he gives his mother. Plaintiff is physically unable to earn her living, and has no property or means of support. Before her marriage she had been an inmate of a house of ill fame and lived the life of a common prostitute in Atlanta. She was visited there by the defendant; he took her from Atlanta to his mother's home at Marietta, and told his mother that they were married; and they lived there together as husband and wife, although not married. After they had been living in this way for about a week, her mother, finding that they were unmarried, had them arrested, and her husband decided that it was best for them to marry, and they did so. Before that he had been putting her off from day to day. On last Christmas eve her husband's mother bought some whisky, and after drinking some of it, gave her some, and plaintiff, at her request, drank some. She drank but little, but not being accustomed to whisky, became intoxicated from it, fell down, was put in bed and tore her clothing off, but did not use any profane or indecent language, or otherwise act indecently. She remembers what she did. Her attorney testified that his services were worth a sum stated.

*Fred. Morris,* for plaintiff.

*Morris & Green* and *C. D. Phillips,* for defendant.

LITTLE, J. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him." Civil Code, § 2456. And "on the hearing of an application for alimony pending a libel for divorce by the husband against the wife, the fact of the marriage and the ability of the husband to support his wife as she had been accustomed to live with him, were controlling questions." *Jenkins* v. *Jenkins,* 69 *Ga.* 483. Counsel fees are allowed as a part of her necessary maintenance. On the hearing of an application for temporary alimony, the merits of the cause are not in issue. Civil Code, § 2460. These are the plain mandates of the law, instituted to protect the wife. They arise from the necessity of the case, and for the purpose of ensuring her a support and maintenance pending litigation; and when she is without

separate property, this necessary maintenance is to be provided by him who alone is charged by law with her support. These principles are alike applicable where suits for divorce· have been instituted by either husband or wife, and such provi-· sion for her support should be continued until, after legal inquiry, the facts on which the application for divorce is predicated have been determined by the jury and the marriage relation, which is not to be lightly entered into by any man, shall have been dissolved. In the present case a libel for divorce was· instituted by the husband, the grounds of which the record does· not disclose. The institution of the action was followed by an application by the wife for the allowance of temporary alimony and a reasonable sum as fees of her counsel to defend the divorce suit and procure an order for alimony. An allowance for· either purpose was refused by the presiding judge after hearing· the evidence of the wife as to the facts of the separation, and· of counsel as to the amount necessary to procure proper representation for her defense of the action for divorce. In so re-· fusing, under the facts as they appear in the record, we think the court erred. It is true that the wife testified she had been a prostitute and the inmate of a house of ill fame in the city of· Atlanta prior to her marriage with the defendant; but it is also· true that she testified that he knew these facts, visited her and cohabited with her, prior to the marriage. It is true that she· testified that, at Christmas succeeding their marriage and preceding the suit for divorce, she became intoxicated from drink-· ing whisky, tore off her clothes, and was carried to bed by her· husband and another man; but it is also true that she testified that, after this and until the month of April succeeding, he kept. her in his home and lived with her as his wife, and that it was· only after her return from a visit, during the latter month, that the door of her husband's home was barred to her entrance. For what? If it was because she had been a prostitute before· her marriage, who knew it better than he when from her im-· moral surroundings he took her for better or for worse? When he gave her his name and made her his wife, he had a right to· do so. With questions of taste in this regard the law does not. interfere, but holds the husband, even under such circum—

stances, to the obligations into which he has entered to support and maintain her if he is able, and it is only for her improper acts occurring since he assumed that obligation, which he has not condoned, that he will be relieved of this duty, if she is in a dependent condition. It is true that her conduct at Christmas afforded a reason sufficient to have excluded her from any decent home, but if, with a full knowledge of her conduct, he continued to live with her, he had a right also to do this; but in exercising that right, he put the past behind him and could look only to her future misconduct for a legal cause of complaint. Civil Code, § 2429.

A judgment rendered on an application for temporary alimony involves the exercise of a judicial discretion; and it is provided that "the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Civil Code, § 2460. Now we are to ascertain what the cause and circumstances of the separation were from the evidence alone of the wife, because she was the only witness examined on this point. She testified that there was no cause for the separation, and the circumstances were that she was denied entrance to her husband's home after a visit to her mother, of which visit the husband had knowledge. We do not know that these things are true. Possibly the presiding judge may not have thought them to be so; but if he did not, then the evidence was silent as to the cause and circumstances of the separation, and such being the case, the temporary alimony and allowance for counsel fees must be granted, under the statute, as the judge is only authorized to refuse to grant alimony when the cause and circumstances of the separation are such as to make it proper that none should be allowed in the exercise of a sound judicial discretion. We are of the opinion that, under the proof submitted, the application for temporary alimony and an allowance for counsel fees should have been granted.

*Judgment reversed. All the Justices concurring.*