## George F. Harding v. Adelaide M. Harding.

1. INTEREST—*On Orders for Alimony, etc.*—Orders to pay money as alimony, separate maintenance, etc., are judgments of the court, and under the statute bear interest from the date of their rendition.

2. EQUITY PRACTICE—*Entertaining Petition for Temporary Alimony Pending Appeal, etc.*—It is not error to entertain a petition for temporary alimony pending an appeal of a suit involving a question of permanent alimony.

**Separate Maintenance.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 9, 1899.

WM. J. AMMEN, attorney for appellant.

PECK, MILLER & STARR, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

This appeal was, by stipulation, heard and considered together with case No. 7408 (Harding v. Harding, *ante*, hereafter called No. 7408), between the same parties, the record, abstracts and briefs in the latter case being considered in this case so far as material, and they are material on all matters relating to the property of appellant, his ability to pay, and the needs of appellee, so far as these matters were considered in our opinion in the latter case, to which reference is made for a statement of the case, and our conclusions as to the matters above mentioned.

After the rendition of the final decree in case No. 7408, for separate maintenance and permanent alimony to appellee, she, on August 26, 1897, filed her petition asking an attachment against appellant for contempt for his failure to pay her temporary alimony, as required by the order of July 1, 1890, which was left in full force to July 26, 1897, by the final decree, and also under the orders of July 8, 1890,

and July 6, 1891. The proceedings all appear to have been regular. The court found that there was due to appellee from appellant, under said orders, $11,716, and that appellant was in contempt of court for disregarding said orders and not making payments in conformity thereto, and ordered that appellant be committed to the county jail of Cook county until he shall have made said payments, unless the court shall see fit sooner to discharge him. From this order this appeal was taken. No new or additional facts of any importance are presented in this record not appearing in case No. 7408 (*ante*), except that appellant had begun the suit for divorce against appellee in California, referred to in our opinion in case No. 7408 (*ante*), since the final decree in that case.

Appellant claims, first, that the chancellor should not have entertained the petition of appellee pending the other appeal involving the permanent alimony allowed her, and the refusal of the court to modify the order as to temporary alimony; second, that no interest should be included in the amount found due; and third, that he should have been allowed certain set-offs and counter-claims.

What we have said in our opinion in No. 7408 (*ante*) sufficiently disposes of the first contention. If appellant had the ability to pay the temporary and permanent alimony, which it was held he had, he was certainly in contempt in failing and refusing to comply with the orders of the court here in question.

The orders to pay money were judgments of the court, and under the statute would bear interest from the date of their rendition. The counter-claims or set-offs urged by appellant were for costs, stenographer's and attorney's fees alleged to have been incurred by appellee in the prosecution of her suit for separate maintenance against appellant, and which he claims to have purchased and taken assignments of. We think it unnecessary to discuss them. Under the evidence they were properly disallowed, and the order is affirmed.