George F. Harding

*v.*

Adelaide M. Harding.

*Opinion filed June 20, 1899—Rehearing denied October 5, 1899.*

1. Judgments and decrees—*alimony decree draws interest.* A decree for temporary alimony in a separate maintenance case is a money decree, and draws interest under section 3 of the Interest act. (Rev. Stat. 1874, p. 614.)

2. Contempt—*right of court to entertain petition for attachment for failure to pay temporary alimony.* A petition for an attachment for contempt, based on defendant's default in the payment of temporary alimony in separate maintenance, may be entertained while an appeal from the decree involving permanent alimony is pending.

*Harding v. Harding,* 79 Ill. App. 621, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

William J. Ammen, for appellant.

Peck, Miller & Starr, for appellee.

Per Curiam: In the preceding case of *Harding* v. *Harding,* (*ante,* p. 481,) the appellant in that case, and who is also the appellant in this cause, defaulted in the payment of alimony awarded the complainant during the pendency of that proceeding and was attached for contempt. The order for preliminary alimony allowed appellee $300 per month. It was entered July 1, 1890, and remained in full force from thence to July 26, 1897, at which latter date the final decree referred to in the preceding case was entered. The hearing before the court in the contempt proceeding developed the fact that there remained unpaid to appellee, under the order for preliminary alimony, the sum of $11,716. The chancellor found the appellant was in contempt of court by reason of the

failure to pay said sum to appellee, and ordered that appellant should be committed to the county jail of Cook county until he should pay such sum or have been discharged by order of the court. The Appellate Court affirmed this order on appeal, and this is a further appeal prosecuted by the husband.

It was not error to require appellant to answer for interest on the unpaid preliminary alimony. The decree of the court awarding preliminary alimony is a money decree, and bears interest under the statute. (Hurd's Stat. 1897, chap. 24, sec. 3, p. 973.)

The counter-claims or set-offs pleaded by appellant were for costs, short-hand reporter's fees and attorneys' fees alleged to have been incurred by appellee in the course of the prosecution of the separate maintenance proceeding against appellant, and which appellant claimed to have purchased and taken assignments thereof. Discussion is unnecessary to demonstrate appellant was not entitled, under the decree and the evidence, to deduct the amounts so paid from the allowance made for the separate maintenance of the appellee during the pendency of the suit.

The chancellor did not err in entertaining the petition for an attachment for contempt while the appeal was pending in the preceding cause, as appears from what has been said in the opinion filed in that cause and which need not be here repeated. Our conclusion expressed in the opinion in the separate maintenance proceeding is, that the appellant has ability to pay temporary and permanent alimony in the sum of $300 per month. We need not here elaborate the point. That is sufficiently done in the opinion in the other cause. He was properly adjudged to be in contempt in failing to make such payments.

The decree and order appealed from are affirmed.

*Decree affirmed.*