AMELIA MARX, Respondent, v. HERMAN N. MARX,
Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Alimony, Pendente Lite: PRACTICE, TRIAL: APPEALS.**
   Orders concerning alimony *pendente lite* are appealable, according
   to the precedents in Missouri.

2. ———: ———. When an order on a motion touching alimony
   pending a suit is reversed and remanded, without other directions,
   the merits of the motion are open to review upon a retrial in the
   circuit court  (Marx v. Marx, 89 Mo. App. 455, followed).

Appeal from St. Louis City Circuit Court.—*Hon. Selden
P. Spencer,* Judge.

REVERSED AND REMANDED.

*H. A. Haeussler* and *Broadhead & Haeussler* for ap-
pellant.

(1)   The court below erred in holding that the opinion
of this court compelled him to fix the alimony at $150 per
month, and that the appellate court had relieved the judge
of any necessity of fixing the alimony except for the time
subsequent to that covered by their decision.   (2)   Court
below erred in confining defendant's evidence to any financial
change in defendant's condition from what it was at former
hearing.   (3)   The allowance was excessive and not war-
ranted even by the evidence admitted.   (4)   No order should
have been made, as plaintiff was well provided for by the
$2,500 borrowed on the deed of trust given her by defendant
and the court should not have allowed more to plaintiff than

both she and her adult daughter are now paying for their support.

*Johnson & Richards* and *George H. Williams* for respondent.

The circuit court properly proceeded under the mandate of this court. When this case was remanded to the lower court with directions "to be disposed of in conformity with the views herein expressed," the mandate became controlling upon the lower court, and it was without authority to reopen the case further than to look to any altered condition of the parties, which was done. Riley v. Sherwood, 155 Mo. 37.

BARCLAY, J.—This is an appeal from an interlocutory decree awarding alimony *pendente lite*. The case has been in this court before on a similar appeal, reported Marx v. Marx, 89 Mo. App. (St. L.) 455. The present appeal involves merely the construction of the opinion of the court in the former appeal just cited.

Upon the last hearing of the motion for alimony pending the suit now under review, the trial court held that the judgment of this court, in the opinion above mentioned, was conclusive upon the allowance for alimony and that said opinion fixed the allowance at one hundred and fifty dollars per month and interest on the fifteen-thousand-dollar item mentioned therein.

The learned trial judge at the last hearing of this motion inquired whether there had been any change in defendant's condition since the opinion of the St. Louis Court of Appeals. He declined to go into the investigation of the propriety of any other allowance of alimony than that above indicated. His view was that the decision of this court had relieved him of the necessity of determining what the alimony should be, except for the period of time subsequent to the decision by this

court. The court declined to go into the general merits of the motion, otherwise than as above stated.

So the only question presented by the present order concerns the effect properly to be given to the prior decision cited.

1. Orders allowing alimony pending a divorce suit have been held appealable so often that we treat the question of the right of appeal from them as settled by precedent. State ex rel. Gercke v. Seddon, 93 Mo. 520; Adams v. Adams, 49 Mo. App. (St.L.) 592; Mahn v. Mahn, 70 Mo. App. (St. L.) 337; Penningroth v. Id., 71 Mo. App. (St. L.) 438.

2. We think the correct construction of the opinion in the former case is that the motion for alimony *pendente lite* should have been reheard on its merits. The opinion of the learned judge who spoke for this court on the former appeal does not bar such an investigation. The views expressed of the evidence then before the court do not countervail the order for a rehearing of the motion for alimony. If the intention of this court had been to preclude a full re-examination of the motion on the merits thereof, the remand would have included directions much more specific than those contained in the former opinion.

The motion should be reheard on its merits. The last order is reversed and the cause remanded that this may be done. *Bland, P. J.,* and *Goode, J.,* concur.