## George F. Harding v. Adelaide M. Harding.

1. DIVORCE—*Reversal of Decree of Circuit Court Does Not Affect Order to Pay Solicitors' Fees.*—The reversal and remanding of a divorce decree by the Supreme Court, does not affect the jurisdiction of the Circuit Court to allow solicitors' fees for services in presenting the case on appeal.

**Petition for Solicitors' Fees.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the March term, 1902. Affirmed in part and reversed in part. Opinion filed January 8, 1903.

WILLIAM J. AMMEN, attorney for appellant.

PECK, MILLER & STARR, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court in favor of appellee and against appellant, allowing the former $5,000 as and for her solicitors' fees in two certain appeals from the Circuit Court to this court, and two appeals of the same cases from this court to the Supreme Court, and the further sum of $166.28 on account of certain disbursements alleged to have been made by appellee, or on her account. July 26, 1897, the Circuit Court rendered a decree in the cause of Adelaide M. Harding v. George F. Harding, on a bill filed by the former for separate maintenance, fixing her permanent alimony at the sum of $6,400 per annum, etc., from which decree the appellant, George F. Harding, appealed to this court, where the decree was affirmed (79 Ill. App. 590), and appellant appealed from the judgment of this court to the Supreme Court, and the latter court reduced the alimony to $3,600 per annum. Subsequently to the rendition of the final decree in the Circuit Court, awarding alimony as above stated, that court, in certain contempt proceedings instituted by appellee, found appellant to be in contempt of the court, in disregarding and failing to comply with previous orders of the court awarding temporary alimony to appel-

lee, and adjudged that appellant be committed to the county jail of Cook county until he should pay said temporary alimony, etc. Appellant appealed from that judgment to this court, and, on the judgment being affirmed here (79 Ill. App. 621), he appealed from this court to the Supreme Court, and the latter court affirmed the judgment of this court (180 Ill. 592). The petition in the present case was filed in the Circuit Court while said appeals to the Supreme Court were pending, and prays for the allowance of solicitors' fees for services in the appeals to this and to the Supreme Court. An answer was filed to appellee's petition, and appellant's counsel, in his printed argument, states the issues as follows:

"*The Issues as Presented by said Petition and Answer.*

These issues were:

1. As to what services of solicitors were allowed for in the final decree of July 26, 1897.

2. As to what services were actually performed by the attorneys for appellee subsequent to the decree of July 26, 1897, or not allowed for by that decree.

3. As to what portion of such services actually performed subsequent to said decree, or not allowed for by that decree, were reasonably necessary or proper to be performed in the case by said attorneys.

4. As to what was the reasonable value of such reasonably necessary services actually performed subsequent to said decree, or not allowed for by that decree.

5. As to the liability of defendant to pay the reasonable value of the services last above referred to, in view of all the facts and circumstances in proof, including his own financial condition and also the financial resources of his wife.

6. As to the liability of defendant for disbursements by complainant or her solicitors since the entry of the said final decree of July 26, 1897."

Issue No. 1 is not involved in this appeal. The decree is " for services and disbursements of her solicitors rendered since the entry of said decree of July 26, 1897, herein, and upon appeal by said defendant in the Appellate and Supreme Courts in this case." The language quoted occurs in the preliminary part of the decree, and in the ordering part of the decree the language is referred to thus:

"That said defendant, George F. Harding, do pay unto the said complainant, or to her said solicitors, Miller &. Starr, as solicitors' fees herein of said solicitors last mentioned, for and on account of the services herein above mentioned, the sum of five thousand dollars," etc.

No cross-errors are assigned, so that the question whether the court should, or not, have included services of appellee's solicitors claimed to have been rendered prior to July 26, 1897, is not presented by the record.

The main questions in the case are stated in issues 2, 4 and 6, *supra*. The record in the case is exceedingly voluminous, comprising, as it does, not only the pleadings and the testimony of witnesses on the hearing of the petition and the orders in the cause, but a large number of printed exhibits, containing about 3,872 pages, consisting of briefs and abstracts used on the appeals mentioned, and a typewritten copy of the argument of appellee's counsel in the Circuit Court, on the hearing of the cause in which a final decree was rendered July 26, 1897, consisting of 186 pages, the documents making a pile about a foot high. It is obvious from this statement that the evidence can not, in an opinion of reasonable length, be referred to in detail, nor is it necessary. The evidence for the appellee is, that her solicitors were engaged in the performance of services in the appeals to this and the Supreme Court seventy-six and one eighth days, including six and one-half days in court, and that their services were worth $100 per day. Staunton, a witness for appellant, testified that for office work on briefs $15 per day is a usual charge, but on cross-examination he hesitated to testify that he knew the usual and customary charge for such services in the city of Chicago. Aring, a tenant of appellant, and an attorney, testified that, assuming that an attorney had been paid for an original brief, and that the questions discussed in a subsequent brief were substantially the same as in the original, $25 per day would be a reasonable fee for preparing the second brief, assuming further that no new authorities were looked up, and the argument not materially changed. Albert B. Joyner, a clerk in appellant's office, testified that he had

compared the typewritten brief of appellee's solicitors used in the Circuit Court, on the final hearing of the suit for separate maintenance, with the brief of appellee's counsel in this court, and that the latter brief contains two hundred and five and one-half pages of new matter and one hundred and fifty-one and one-half pages of matter contained in the former brief. If the only services rendered for appellee in the appeals were those rendered by her solicitors personally, the amount of $5,000 allowed by the court would be between $65 and $70 per day for seventy-six days' services; but it was proved, on behalf of appellee, that Mr. Hunt, an attorney in the office of appellee's solicitors, and employed by them, performed, under their direction, two and one-eighth days' services in the appeals, and that his services were reasonably worth $12.50 per day; and that Mr. Gram, another attorney in the employ of said counsel, did fifty-six and three-eighths days' work on the appeals, and that his services were reasonably worth from eight to ten dollars per day.

Counsel for appellant, in his argument, says: "A court has a right to judge of the reasonableness of a claim for solicitors' fees, using its own knowledge, as well as the opinion of witnesses," citing cases; and counsel for appellee accede to this proposition. Having carefully considered the evidence in the cause and the arguments of counsel, we can not say that the allowance of $5,000 for the services of appellee's counsel in this and in the Supreme Court is unreasonable or unusual. The contention of appellant's counsel that the Circuit Court had no jurisdiction in the premises, is untenable. The petition was filed in the Circuit Court while the appeals from this to the Supreme Court were pending; the Supreme Court decided the main appeal and remanded the cause to the Circuit Court, with directions. Harding v. Harding, 180 Ill. 481, 524. The Circuit Court, December 8, 1899, entered a decree as directed by the Supreme Court, and in said decree expressly reserved the petition for solicitors' fees. That the court had jurisdiction to proceed in the matter of the petition is sustained by the following

cases:    Blake v. Blake, 80 Ill. 523; Jenkins v. Jenkins, 91 Ib. 167.

Appellees claimed and the court allowed $166.28 for disbursements claimed to have been necessarily made on behalf of appellee in the litigation since July 26, 1897, $126 of which was for a supplemental abstract prepared by appellee's solicitors in the appeal to this court. Appellee, by her solicitors, moved the court to tax the expense of the supplemental abstract as costs; but we disallowed the motion to the extent claimed, and allowed it only to the extent of $18.75, which latter sum was taxed as costs against appellant. This was an adjudication of the matter which, until reversed, is binding on the parties. Therefore the sum of $126 for supplemental abstract should not have been allowed. The remainder of the claim for disbursements, viz., $40, is supported by the evidence. The decree will be affirmed for the sum of $5,000, as solicitors' fees, and the sum of $40 for disbursements, being in all, $5,040, and will be reversed as to the sum of $126. Appellant to pay the costs of this and the Circuit Court.

Affirmed in part and reversed in part.