GEORGE F. HARDING

*v.*

ADELAIDE M. HARDING.

*Opinion filed October 26, 1903—Rehearing denied December 4, 1903.*

SOLICITOR'S FEES—*when court has jurisdiction to allow solicitor's fees.* Pending appeals from a separate maintenance decree and from a contempt proceeding arising from defendant's disregard of such decree, the trial court has jurisdiction to allow solicitor's fees to complainant for services rendered after the decree, which were necessary in order to enforce complainant's rights thereunder.

*Harding* v. *Harding*, 105 Ill. App. 363, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WILLIAM J. AMMEN, (BARNUM & BARNUM, of counsel,) for appellant.

PECK, MILLER & STARR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District, seeking to reverse a judgment there rendered affirming the decree of the circuit court of Cook county allowing appellee, as and for her solicitor's fees in certain chancery causes in the circuit court of Cook county, the sum of $5000.

On July 26, 1897, appellee recovered a decree in a separate maintenance proceeding on a bill filed by her, the court fixing her solicitor's fees and temporary alimony, and also permanent alimony, at the sum of $6400 per annum. Appellant appealed first to the Appellate Court, (79 Ill. App. 590,) and by further appeal brought the cause to this court, (180 Ill. 481,) upon which latter appeal we affirmed the decree of the circuit court in all respects except as to the allowance of permanent alimony, which was reduced from the sum of $6400 per annum to $3600 until the further order of the court, and remanded the cause to the circuit court, with directions to proceed in conformity with the views expressed in our opinion. The circuit court, in a contempt proceeding instituted by appellee, found appellant to be in contempt of the court in disregarding the terms of the decree awarding temporary alimony to her, and adjudged that he be committed to the county jail of Cook county until the temporary alimony be paid. Appellant appealed from that judgment, also, to the Appellate Court, (79 Ill. App. 621,) and from a judgment of affirmance there ren-

dered further appealed the cause here.　(180 Ill. 592.)
The petition in the present case was filed in the circuit
court while these two appeals to this court were pend-
ing, and prayed for the allowance of solicitor's fees for
services rendered in prosecuting them.

It is first contended that the circuit court, in this pro-
ceeding, was without jurisdiction to entertain the peti-
tion.　But that contention is without merit.　The services
for which the allowance is made in this case are such as
were rendered since July 26, 1897, the date of the first
decree, and they appear to have been necessary in order
that appellee might enforce her rights as adjudicated
under that decree.　The circuit court, December 8, 1899,
upon a remandment to that court of the original cause,
by its decree expressly reserved for future adjudication
the matter here involved, namely, the fixing of appellee's
solicitor's fees.　The fees of her counsel for the services
here claimed have not been adjusted in any former pro-
ceeding, nor has she by any act waived her legal right
to have them allowed.

The main contention on the part of appellant is, that
the allowance of $5000 as solicitor's fees is excessive.
No good purpose would be served in setting forth or re-
viewing the testimony heard by the chancellor as to the
services rendered by appellee's counsel, and the value
thereof, for which the allowance was made.　From a
careful consideration of the whole cause, and the argu-
ments of counsel, we are of the opinion that the allow-
ance of $5000 was not unreasonable,—certainly not to
the extent of justifying this court to substitute its judg-
ment for that of the circuit court as to the reasonable-
ness of the fees charged for the services rendered.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*