[No. 11372.    Department One.    August 12, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Henry Surry,*
*Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY,
*Respondent.*[1]

APPEAL — DECISIONS APPEALABLE—FINAL ORDER — TEMPORARY ALI-
MONY.    An order for the payment of attorney's fees and temporary
alimony each week pending a divorce case, is appealable as a final
judgment, under Rem. & Bal. Code, § 1716, subd. 1, authorizing an
appeal "from the final judgment entered in any action or proceed-
ing."

APPEAL—TIME FOR TAKING—TEMPORARY ALIMONY.    The fifteen
days' limitation provided by Rem. & Bal. Code, § 1718, for appeals
from any order other than the final order, does not apply to an appeal
from an order for temporary alimony and attorney's fees in a
divorce case; as it is a final order.

PROHIBITION—TO COURTS—INADEQUACY OF REMEDY BY APPEAL.
Where defendant in a divorce case appealed from an order for tem-
porary alimony and attorney's fees, and gave a supersedeas bond
fixed and approved by the court, prohibition lies to prevent en-
forcement of the order by contempt proceedings; since there is no
adequate remedy by appeal.

Application filed in the supreme court July 18, 1913, for a
writ of prohibition to the superior court for King county,
Humphries, J.    Granted.

*C. S. Goshert,* for petitioner.

*Thomas B. MacMahon,* for respondent.

GOSE, J.—This is an application for a writ of prohibition,
directed to the respondent Humphries, as a judge of the su-
perior court of King county, prohibiting him from exercis-
ing jurisdiction in enforcing an order directing the relator to
pay alimony and counsel fees in a divorce action, after an
appeal from such order and the filing and approval of a sup-

[1]Reported in 134 Pac. 178.

ersedeas bond.    The controversy arises out of the following facts:

On the 31st day of May, 1913, Elizabeth Marie Surry commenced an action for divorce in the superior court of King county against her husband, the relator, charging cruelty and failure to support.    On the 14th day of June following, and after a hearing, on order directing the relator to show cause why he should not pay to the plaintiff in the divorce action a suitable sum for alimony, suit money and counsel fees, an order was entered requiring him to pay her, on Monday of each week, the sum of $10, and to pay her attorney $25 on the 1st day of July, and a like sum on the 1st day of August, next ensuing.    On the 30th day of June, in obedience to an order to show cause why he should not be punished as for a contempt for his failure to comply with the previous order of the court, the relator was adjudged guilty of a contempt, and on the 1st day of July he was committed to the county jail.    On the second day of July, the relator gave notice of appeal, and gave a supersedeas bond, fixed and approved by the court.    He appealed from the orders of June 14th, 30th and July 1st.    After appealing, he was again cited to show cause why he should not be adjudged guilty of contempt for his failure to pay alimony on June 30th and July 7th, and the respondent judge is continuing to exercise jurisdiction looking to the enforcement of the order of June 14th, despite the appeal and supersedeas bond.    The divorce feature of the case has not been heard.

The application for a writ raises three questions:  (1) Is an order directing payment of alimony and counsel fees in a divorce action appealable while the main case is pending on the merits?    (2) If so, should the appeal have been taken within fifteen days after the entry of the order?    And (3) if the appeal lies and was seasonably taken, should the writ issue?

The code, Rem. & Bal. § 1716, subd. 1 (P. C. 81 § 1183), provides that an appeal may be taken "from *the* final judg-

ment entered in any action or proceeding." Is the order of
June 14th *a* final judgment within the meaning of the law?
The question is one of first impression in this court. In other
jurisdictions, the courts have reached different conclusions
as to the finality of such a judgment. We attach little im-
portance to the fact that the legislature has used the definite
article "the" rather than the indefinite article "a," although
this circumstance has been adverted to by the supreme courts
of California and Nebraska as having some significance. It
cannot be doubted that the order is in effect a final judgment.
It is definite and certain in all its terms. If disobeyed the
relator must purge the contempt or suffer the deprivation of
his liberty or the taking of his property in satisfaction of the
order from period to period as the payments respectively
mature. It would seem that, where such consequences flow
from a noncompliance with an order, an appeal ought to be
available to the aggrieved party and that the law-making
body intended that it should be. At any rate, we will not
resort to a rule of strict construction where the liberty or
property of a citizen is put at hazard. *Sharon v. Sharon,* 67
Cal. 185, 7 Pac. 456, 635, 8 Pac. 709; *Turner v. Turner,* 80
Cal. 141, 22 Pac. 72; *Hecht v. Hecht,* 28 Ark. 92; *Kendrick
v. Kendrick,* 105 Ga. 38, 31 S. E. 115; *Williams v. Williams,*
114 Ga. 772, 40 S. E. 782; *Blake v. Blake,* 80 Ill. 523; *Mc-
Cue v. McCue,* 149 Ind. 466, 49 N. E. 382; *Lochnane v. Loch-
nane,* 78 Ky. 467; *McKennon v. McKennon,* 10 Okl. 400, 63
Pac. 704; *Marx v. Marx,* 94 Mo. App. 172, 67 S. W. 934.

In the *Sharon* case, it was said that "a final judgment is
not necessarily the last one in an action;" and that an order
for the payment of alimony "possesses all the essential ele-
ments of a final judgment and nothing remains to be done ex-
cept to enforce it." The court in that case observed that the
code provided for an appeal from " *a* final judgment, not
from *the* final judgment" in an action.

In the *Hecht* case, in passing upon a like order, the court
said:

"This is a definitive judgment, upon which the appellant can have no relief by the final decree, even though it should appear that injustice had been done him. By due process on the execution the money will have been collected and paid over to the parties in whose favor it is awarded, and its recovery will have passed beyond the power of the court."

In the *Lochnane* case, it was said:

"That an appeal may be taken from a decree making an allowance to support the wife pending a suit for divorce cannot be questioned. It possesses all the essential elements of a final judgment. It may be enforced by rule or execution, and is in every respect independent of the final determination of the court as to the rights of the party in regard to the question of divorce."

In the *Blake* case, the court said:

"It is a money decree, is for a specific sum, and is payable absolutely. No execution has been as yet awarded, but the court has the undoubted authority to award an execution, or if payment was wilfully and contumaciously refused, the decree might be enforced by attachment, as for contempt, or payment might be coerced by sequestration of real or personal estate. . . . It is apprehended there can be no decree against a party, that will work a deprivation of his property or liberty, from which no appeal or writ of error will lie. Such is the decree against the defendant. Under it he may be deprived of his liberty, or his property subjected to levy and sale."

The case seems so sound in principle and the reasoning is so convincing that there is little left to be said. That this view may put a deserving wife to a great inconvenience, that it may expose her to hardship, must be admitted. The confinement of an impecunious husband in jail is likewise a hardship; but these are only circumstances to be considered in arriving at a proper interpretation of the statute.

Counsel for respondent argued at the bar that the right of appeal depends upon the proper interpretation of subd. 6 of § 1716, Rem. & Bal. Code (P. C. 81 § 1183), and that, reasonably construed, it does not authorize an appeal from

orders for the payment of alimony in divorce cases. This contention has been met by the preceding discussion of the case.

In the following cases it was held that an appeal will not lie from such an order: *Aspinwall v. Aspinwall,* 18 Neb. 463, 25 N. W. 623; *McBride v. McBride,* 119 N. Y. 519, 23 N. E. 1065; *Call v. Call,* 65 Maine 407; *Ross v. Ross,* 47 Mich. 185, 10 N. W. 193.

In the *Aspinwall* case, it is said that the judgment or decree from which an appeal lies under the statute "must be the final or main judgment or decree in the case, otherwise the definite article would not be used in stating it."

In the *Ross* case, it was held that an order directing the payment of alimony was not appealable, but that an order committing the one in default for not paying alimony in obedience to an order was appealable. It seems to us that both orders are equal in finality.

The code, Rem. & Bal. § 1718 (P. C. 81 § 1187), provides that "an appeal from any order other than a final order from which an appeal is allowed by this act" must be taken within fifteen days after the service of a copy of the order from which an appeal is prosecuted. The order being a final one, the fifteen day limitation has no application.

The third inquiry is, shall the writ issue? We think it should. The respondent is attempting to proceed without jurisdiction and there is no "plain, speedy and adequate remedy in the ordinary course of law." Rem. & Bal. Code, §§ 1027, 1028 (P. C. 81 §§ 1781, 1783). That the remedy by appeal from the judgment determining the plaintiff's right to a divorce is inadequate, is apparent, (a) because the judgment upon that issue may be against the wife, and (b) because the relator may either be deprived of his liberty or compelled to appeal from and supersede an order of commitment once a week until the case is tried on its merits.

Let the writ issue.

Chadwick, Parker, Mount, and Fullerton, JJ., concur.