[No. 21187. Department One. August 30, 1928.]

A. E. DAILEY, *Respondent*, v. F. O. DAILEY, *Appellant*.[1]

[1] HUSBAND AND WIFE (111)—SEPARATE MAINTENANCE—AMOUNT OF AWARD AND RELIEF—ATTORNEY'S FEES FOR DEFENDANT—PETITION TO MODIFY. The denial of attorney's fees to the wife for defending an application to modify a decree awarding separate maintenance will not be disturbed on appeal, where it does not appear that the court abused its discretion, or denied the allowance on the ground of want of authority to do so.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 14, 1928, denying an application for attorney's fees for defending an application to modify an award for separate maintenance. Affirmed.

*Warren H. Lewis*, for appellant.
*E. C. Dailey*, for respondent.

TOLMAN, J.—From the record now before us, it appears that, on December 4, 1926, a decree was entered in this case denying a divorce to the plaintiff, dismissing his complaint with prejudice, and granting to the defendant, for her support and maintenance, the sum of fifty dollars per month continuing "until the parties hereto shall mutually, voluntarily and permanently resume cohabitation as husband and wife. . . ."

On October 6, 1927, the plaintiff filed his petition to modify the decree by striking out all provisions requiring payment of moneys to the wife from and after the entry of the decree. Defendant answered the petition denying all the material allegations of fact, and alleging that one hundred dollars was a reasonable sum to be allowed to her as attorney's fees in defending against the petition to modify.

[1] Reported in 269 Pac. 1118.

The issues thus raised were tried to the court, but our reading of the testimony fails to reveal any evidence offered on the subject of attorney's fees, though counsel did suggest,

"If your Honor determines this issue in our favor, I think the defendant is entitled to a reasonable compensation for her attorney for defending this proceeding,"

to which there was no response by the court or opposing counsel.

The trial court rendered an exhaustive memorandum opinion, in which there was no mention of attorney's fees; and afterwards, on notice, the parties appeared before the court to settle the findings of fact, etc., and then counsel for defendant urged upon the court the reasons why, in his opinion, attorney's fees should be awarded to the wife; to all of which the court replied: "No allowance will be made other than statutory costs;" and made findings and conclusions accordingly, and entered a decree denying the petition to modify, but allowing to the defendant nothing save costs to be taxed.

The defendant has appealed from that part of the decree which denies her an allowance of attorney's fees for successfully defending against the petition to modify.

[1] The discussion here is directed almost wholly to the question of the power of the trial court to award attorney's fees in such a proceeding; appellant contending that the court has such power and respondent contending that, in the absence of a statute authorizing such an allowance, the court has no such power. We do not find it necessary to pass upon that question. There is nothing in the record to indicate that the court would have made such an allowance, even if convinced that he had the power to do so; and, so far

as the record discloses, the court properly exercised his discretion in denying any allowance.

The record being in this state, and there being nothing to indicate that the court denied the allowance as a matter of law, we must perforce affirm the judgment.

The judgment is affirmed.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.