[No. 21379. Department Two. December 13, 1928.]

The State of Washington, *on the Relation of A. E. Dailey, Plaintiff,* v. The Superior Court for Snohomish County, *et al., Respondents.*[1]

*E. C. Dailey,* for relator.

*Warren H. Lewis* and *Wendell W. Black,* for respondent.

Per Curiam—The relator, A. E. Dailey, in August, 1926, began an action in the superior court for Snohomish county to obtain a divorce from his wife, the respondent F. O. Dailey. The respondent appeared in the action and contested the relator's right to a divorce, and asked for separate maintenance. After a trial of the issues presented, the trial court, on December 4, 1926, entered a decree denying the divorce and awarding separate maintenance to the respondent; a part of the award being an order requiring the relator to pay for the use of the respondent the sum of fifty dollars per month.

On October 6, 1927, the relator petitioned the trial court for a modification of that part of the decree

[1]Reported in 272 Pac. 733.

which awarded to the respondent the .monthly payments. Issue was taken on the allegations of the petition, and a trial of the issues was had. Thereafter the court made findings to the effect that the allegations of the petition had not been sustained, and on January 14, 1928, entered an order dismissing the application.

On February 10, 1928, the relator again petitioned the court, seeking the relief demanded in his first petition. To this application the respondent demurred on the ground, as stated in the demurrer,

" . . . that the subject matter of said petition has been adjudicated against the plaintiff (relator) by a decree of this court made and entered of record herein on January 14th, 1928."

Arguments were had on the demurrer, and an order was entered by the court, sustaining the demurrer, on June 12, 1928.

The relator then applied to this court for a writ of mandate, directing the trial court to hear the application upon its merits. An alternative writ was issued, to which the trial court made return. The return shows no final order entered by the trial court, and, as we gather from the record, no further action was had in that court other than to sustain the demurrer, leaving the cause still pending therein.

A peremptory mandate must be denied. Such a writ, while it will issue to compel a trial court to act in causes where it refuses to act, will not issue to control judicial action. In this instance, it does not appear that the court refused to proceed to a final determination of the cause. It may be that the grounds upon which the court sustained the demurrer indicate that there is but one form of judgment the court will enter, namely, a judgment of dismissal, but even so, a writ of mandate will not lie. The remedy of the relator is to prosecute the cause to a final judgment, and

bring it to this court by appeal if he desires a review of the judgment.

The application for a peremptory writ is denied.