[No. 21836. Department One. April 18, 1929.]

THE STATE OF WASHINGTON, *on the Relation of* KATHERINE TAYLOR, *Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

[1]Reported in 276 Pac. 866.

*Tucker & Tucker* and *Hyland, Elvidge & Alvord,* for relator.

*F. B. Churchill,* for respondent.

HOLCOMB, J.—This is an original proceeding for a writ of mandate.

The petition of relator upon which an alternative writ was granted, among other things, alleges: that there was, when the petition was presented, March 4, 1929, pending in the superior court for King county, an action for divorce entitled "Katherine Taylor, plaintiff, v. Charles L. Taylor, defendant," in which relator is plaintiff, and that there is also pending an appeal, in which Katherine Taylor is appellant, from the judgment in that cause from the superior court to this court.

It is alleged that, subsequent to the time of taking the appeal in that cause and pending the disposition thereof in this court, relator made application in the court below in that cause for an order directing the payment of temporary attorneys' fees, costs and expenses for her appeal to the supreme court; that the application was heard by one of the judges of the superior court, and that thereafter, on January 19, 1929, the judge who heard the application entered an order directing the defendant to pay, on account of plaintiff's expenses and attorneys' fees in this court, the sum of two hundred and fifty dollars on or before February 4, 1929, a true copy of which order is attached to the petition herein and made a part thereof. The order so attached, omitting the formal parts, is as follows:

"The above entitled matter having come on duly and regularly for hearing upon the motion of the plaintiff for suit money and attorneys' fees on account of her appeal of the above entitled action, plaintiff being represented by Tucker, Hyland & Elvidge, and the defendant by F. B. Churchill, the court being fully advised in the premises, Now, Therefore,

"It is hereby considered, ordered and adjudged that the defendant Charles L. Taylor pay on or before February 4, 1929, on account of the plaintiff's expenses and attorneys' fees in the supreme court, the sum of $250.00, to all of which defendant excepts, and an exception is allowed.

"Done in open court this 19 day of January, 1929.

"James B. Kinne

"Judge."

It is then alleged that, at all times since the entry of the foregoing order, the defendant Charles L. Taylor has refused and neglected to pay the aforesaid sum; that the matter was duly and regularly presented to the court and all proceedings were had upon regular notice to counsel as required by law, etc.; that thereafter relator, by and through her attorney, filed a motion in the above entitled court based upon the files, records and proceedings and the affidavit of Wilmon Tucker, which motion and affidavit are attached to the petition and made a part thereof, requesting that the order of January 19, 1929, directing payment of expenses and attorneys' fees be reduced to final judgment, and that execution issue therefor; that such motion was duly noted for hearing in the court below on February 21, 1929, was continued to and heard on February 25, 1929, before another judge of the superior court, at which both parties were represented by counsel; upon which hearing the trial judge took the matter under advisement and on March 2, 1929, orally denied the last motion, which order

appears by general entry in the minutes of that court for that day.

It is further alleged that no affidavits were filed on behalf of defendant Charles L. Taylor against the affidavit in support of the motion of relator, and that the matter was presented to the court below solely on the affidavit in behalf of relator and upon the question as to whether or not that court had the power to reduce such order to judgment.

Upon the issuance and service of the alternative writ herein, the respondent judge appeared by the attorney for and on behalf of defendant Charles L. Taylor, and showed cause only by general demurrer to the petition and motion to quash the writ for these reasons: (1) That the petition does not state facts sufficient for the issuance of such writ; (2) that the relator has a plain, speedy and adequate remedy at law by appeal, the order of the superior court being a final order; and (3) that the purpose of the writ is contrary to the law of this state.

Counsel for both parties cite cases from other jurisdictions upon certain propositions discussed by them not necessary to notice in disposing of this matter for, as is stated in 19 C. J. 297, the enforcement of orders or decrees for alimony or for counsel fees and expenses is controlled by the local practice.

■ Rem. Comp. Stat., § 988, among other things, provides:

"Pending the action for the divorce, the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; . . ."

Under this statute, this court has repeatedly held that an order made pursuant to the foregoing statutory provisions is, to all intents and purposes, final and appealable as a final judgment within such time as other final judgments in civil actions are appealable, and are not within such limit as interlocutory orders in other respects are appealable, to wit: fifteen days. *State ex rel. Surry v. Superior Court,* 74 Wash. 689, 134 Pac. 178; *Dilatush v. Dilatush,* 102 Wash. 504, 173 Pac. 431; *Yoder v. Yoder,* 105 Wash. 491, 178 Pac. 474, 3 A. L. R. 1104.

Relator seems to assume that, because the order in question was not denominated a judgment and contained no provision for execution to issue, no execution can issue thereon until an order or judgment is procured ordering execution.

Since we have held that such an order for the payment of money pending appeal is a final order, appealable in the same way as a final judgment, and the order in question is definite and certain as to the amount adjudged to be paid by Charles L. Taylor, it is as much a final judgment as could be contemplated under our statute.

We so held in the *Surry* case, *supra.* In that case we also quoted with approval cases from other states to the effect that such final judgment could be enforced by execution as well as by personal attachment. We there approved a quotation from an Illinois case (*Blake v. Blake,* 80 Ill. 523) saying:

"It is a money decree, is for a specific sum, and is payable absolutely. No execution has been as yet awarded, but the court has the undoubted authority to award an execution, . . ."

Although it is quite common for judgments to include some such order as that "whereof execution

shall issue, etc.'', no such thing is necessary in a judgment for the payment of money only.

Our statute, Rem. Comp. Stat., § 435, requires that,

''All judgments shall be entered by the clerk, subject to the direction of the court, . . . and shall specify clearly the amount to be recovered, the relief granted, or other determination of the action.''

Section 510, id., provides:

''The party in whose favor judgment has been given or may hereafter be given or entered in any court of record in this state . . . may have an execution issued at any time for the collection or enforcement of the same: . . .''

Section 511, id., prescribes:

''There shall be four kinds of executions; one against the property of the judgment debtor; another against his person; . . . and the fourth, commanding the enforcement of or obedience to any special order of the court.''

Section 512, id., directs:

''When a judgment requires the payment of money, . . . the same may be enforced . . . by execution, as provided in this chapter.''

Section 513, id., prescribes the form and contents of four forms of execution. While it is true that an execution may not issue unless there is a judgment or decree as a basis for it (23 C. J. 314), there is in this case what we have held is such judgment.

We have no doubt that in this case relator has the choice of either of two remedies, according to the usages and practices in this state; namely, attachment against the person and execution against the property, under the judgment for the attorneys' fees and suit money entered in the court below.

There is therefore no jurisdiction for the issuance of a peremptory writ of mandate. The alternative writ

of mandate is quashed and the peremptory writ is denied.

MITCHELL, C. J., TOLMAN, FULLERTON, and FRENCH, JJ., concur.