[No. 21943.   Department One.   December 10, 1929.]

A. E. DAILEY, *Appellant*, v. F. O. DAILEY, *Respondent*.[1]

*E. F. Dailey* and *A. E. Dailey*, for appellant.

*Lewis & Black* and *Howard Waterman*, for respondent.

TOLMAN, J.—This action was originally instituted by appellant, as plaintiff, seeking a divorce from the respondent, as defendant. The case was tried on the merits and a decree entered December 4, 1926, denying a divorce and granting to the respondent separate maintenance. In September, 1927, appellant filed a verified petition in the cause, asking for modification of the decree as to the separate maintenance, alleging, among other things, that, after the entry of the decree, he had procured a decree of divorce granted by the civil court of first instance in Nogales, in the state of Sonora, United States of Mexico, dated August 27, 1927. Respondent answered the petition, denying all of those allegations, and the matter came on for trial on the merits.

[1]Reported in 282 Pac. 830.

Appellant offered in evidence a purported certified copy of the Mexican decree of divorce, to the introduction of which respondent objected on many grounds, one being that the Mexican record was not properly proved, identified or authenticated. The trial court reserved his ruling upon these objections and the parties introduced all of their other evidence. Thereafter, the court rendered a decision in which he called attention to the fact that he had reserved his ruling on the objections to the introduction of the Mexican decree, and thereupon discussed the sufficiency of the identification and authentication of the decree so offered, held the same to be insufficient, and disposed of the case in the following words:

"This court is therefore of opinion and it is ruled that the proffered exemplification is not competent and is inadmissible, and it is rejected. There being in this record no other evidence which will warrant the relief by way of vacation of the final decree for separate maintenance, the petition of plaintiff will be dismissed upon the presentation and settlement of the required findings of fact and conclusions of law."

Thereafter, the court made findings of fact, conclusions of law and on January 14, 1928, entered its decree in which is recited:

"It is ORDERED, ADJUDGED and DECREED that the plaintiff take nothing by his petition herein verified on September 27, 1927, and thereafter filed in this court, by which petition the plaintiff sought to modify the decree of this court entered herein on December 4, 1926, and the plaintiff's said petition is hereby dismissed."

From this decree, the plaintiff took no appeal. The defendant did appeal from that decree because of the refusal of the court to incorporate therein a provision allowing her attorney's fees, which appeal was heard in

this court and the opinion is reported in *Dailey v. Dailey,* 148 Wash. 668, 269 Pac. 1118.

On February 10, 1928, or within thirty days after the entry of the decree dismissing his former petition, the appellant filed a second petition, of like general effect as the first and asking the same relief, based principally upon the purported Mexican decree of divorce. To this petition, respondent demurred on two grounds. First, that it did not state facts sufficient to constitute a cause of action; and second, that the subject-matter of the petition had been adjudicated against the plaintiff by final decree in the same action entered on January 14, 1928. From an order of the trial court sustaining the demurrer, the plaintiff has appealed.

The trial court seems to have sustained the demurrer upon the second ground mentioned, that is, that the decree of January 14, 1928, is *res judicata*. While it is probable that the ruling was correct upon that ground, we prefer rather to discuss the other ground, that is, the failure to plead sufficient facts to constitute a cause of action, because it seems to us that that is the more practical question.

██ In his present petition, aside from the other matters pleaded in the former petition upon which evidence was received and upon which relief was denied, with reference to the Mexican decree of divorce, the following is all that is contained in the petition:

"That on the 26th day of August, 1927, this plaintiff was divorced from the above named defendant, in the court of first instance of the civil branch of judicial district of Nogales, Sonora, Republic of Mexico, and ever since said time has been and now is divorced from said defendant, and that plaintiff has obtained a true and authenticated copy of said proceedings, and that a translated copy thereof is hereto attached, and is hereby made a part of this petition."

It will be observed that the laws of Mexico or of the state of Sonora in the Republic of Mexico are not in any manner attempted to be pleaded, and, in the absence of any allegation as to the laws of such foreign jurisdiction, we must necessarily presume that they are the same as our own. There is nothing in the petition and nothing in the translated copy of the so-called decree attached thereto which sets forth, or in any manner shows, that the Mexican court ever acquired any jurisdiction of either party or of the subject-matter. It is nowhere intimated that appellant here, the plaintiff in that action, became a resident of the Republic of Mexico and every recital of the Mexican decree affecting the subject is to a contrary effect. The Mexican decree refers to the parties as having been North American husband and wife, residents of the United States of North America; recites that they were married in the city of Tacoma, state of Washington of the United States of North America; and that the last conjugal residence of the husband and wife was established in the city of Everett, state of Washington. It therefore conclusively appears from the petition and from the so-called Mexican decree made a part thereof, as here pleaded, that the Mexican decree was rendered without jurisdiction of the parties or of the subject-matter, and is void and of no effect.

The demurrer to the petition was therefore properly sustained and the judgment of the trial court is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.