[No. 22923. Department Two. June 8, 1931.]

A. E. DAILEY, *Appellant*, v. F. O. DAILEY, *Respondent*.[1]

*John B. Fogarty*, for appellant.
*Lewis & Black*, for respondent.

PER CURIAM.—The appellant brought this action for a divorce on two grounds. He had previously brought an action for the same relief upon other grounds. In

[1]Reported in 299 Pac. 988.

that action, a divorce was denied on December 4, 1926, but the wife, upon her cross-complaint, was allowed separate maintenance in money to be paid periodically. Twice after the entry of that decree the appellant sought to have it vacated, but without success. Some history of the litigation between these parties may be found in the following cases in this court: *Dailey v. Dailey*, 148 Wash. 668, 269 Pac. 1118; *State ex rel. Dailey v. Superior Court*, 150 Wash. 299, 272 Pac. 733; *Dailey v. Dailey*, 154 Wash. 499, 282 Pac. 830.

In the present action, the respondent moved against the complaint, and also for an allowance for attorney's fees and suit money, and asked that the appellant be required to pay to her certain costs and attorney's fees in the previous litigation; and that all proceedings in this cause be stayed until the appellant should pay to her all sums accrued and to accrue due her under the separate maintenance decree.

This motion was heard by the superior court upon the affidavit supporting it, and upon oral and written evidence taken at the hearing. As a result of the hearing, the court entered an order directing the appellant to pay certain sums as attorney's fees and suit money, and staying all proceedings until the appellant should pay all costs and attorney's fees owed the respondent under judgments and orders in the earlier case, and all unpaid sums accrued and to accrue under the separate maintenance decree. The appeal is from all of the order, except the part allowing specific sums for attorney's fees and suit money.

The part of the order appealed from reads as follows:

"And it is further ordered that all further proceedings in this action be, and the same hereby are, stayed until the plaintiff shall have paid to the defendant or to her attorneys, or into the registry of this court for

the defendant, all unpaid costs, attorneys' fees and alimony, including such alimony as may hereafter accrue prior to the full payment thereof by the plaintiff, due from the plaintiff to the defendant under and by virtue of the several orders and judgments heretofore made and entered of record in a former action between these parties for the same cause, the same being cause No. 24478 in this court entitled 'A. E. Dailey, plaintiff, vs. F. O. Dailey, defendant,' this portion of this order being granted in lieu of temporary alimony and support for the defendant *pendente lite* in this action.''

The respondent moves to dismiss the appeal on the ground that the part of the order appealed from is not an order for the payment of temporary alimony, and is not final so as to be within the rule applied in *State ex rel. Taylor v. Superior Court,* 151 Wash. 568, 276 Pac. 866, and earlier cases therein cited. We shall not decide the question thus suggested, but will assume, without deciding, that the order is appealable as the appellant contends it is.

Treating the order as appealable, we do not find that the appellant has brought before us sufficient of the record to enable us to review it. The order was not void for want of power in the court to make it. Where a husband has brought an unsuccessful action against his wife for a divorce in which the court has made orders favorable to the wife, the court may require that the husband comply with the orders as a condition precedent to the maintenance of a second action, even though the second action be founded on grounds not included in the first. The order may be reviewed in the appellate court for error as may any other final order of a trial court, but, to enable the appellate court to do this, the facts on which it is founded must be before it.

In this instance, the appellant has not brought the facts before us, either by a bill of exceptions or by

a statement of facts. The only record properly before us consists of the summons and complaint, amended complaint, the defendant's motions, the order thereon, the form of order proposed by the plaintiff and the usual appeal notice and bond. Not even the affidavit in support of the motion for the order appealed from is properly here, its inclusion in the clerk's transcript not being enough. So far as we can know from the record, therefore, the order may have been, and presumably was, reasonable and proper.

The order is affirmed.